1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| GREAT LAKES PACKERS, INC., *et al.*,<br><br>Plaintiffs,<br><br>C.H. ROBINSON WORLDWIDE, INC.,<br><br>Plaintiff,<br><br>B & D PRODUCE SALES, LLC,<br><br>Plaintiff,<br><br>R & R PRODUCE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>P.K. PRODUCE, INC., *et al.*;<br><br>Defendants.<br>_____<br><br>R & R PRODUCE, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>P.K. PRODUCE, INC.; DEBBIE KASAPIS,; PAUL G.A. KASAPIS; GEORGE ARGIE; ARGIE, D'AMICO & VITANTONIO; 3D LOGISTICS, LLC; MAGNUM EXPRESS TRUCKING, INC.; STRIKE ZONE LANES, LLC; SIPASAK PROPERTIES, LLC, F/K/A KASAPIS PROPERTIES, LLC; THE KASAPIS FAMILY IRREVOCABLE INTERVIVOS TRUST DATED APRIL 6, 2003, WITH KATHY S. BUSHWAY AS TRUSTEE, and DOES 1 thru 10, inclusive;<br><br>Defendants.<br>_____ | **Consolidated Case No. 1:18-CV-02754-PAB**<br><br>**Judge Pamela A. Barker**<br><br><u>FIRST AMENDED COMPLAINT OF R & R PRODUCE, INC. FOR:</u><br>1. BREACH OF CONTRACTS;<br>2. ACCOUNTS STATED;<br>3. OPEN BOOK ACCOUNT;<br>4. ENFORCEMENT OF STATUTORY TRUST PROVISIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §§499e, <u>et seq.</u>] AND DISGORGEMENT;<br>5. VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY & THE CALIFORNIA FOOD & AGRICULTURAL CODE [§§56302, 56603] (FAILURE TO MAKE TIMELY PAYMENT);<br>6. CONVERSION;<br>7. UNJUST ENRICHMENT;<br>8. CONSTRUCTIVE TRUST/DISGORGEMENT;<br>9. DECLARATORY RELIEF;<br>10. INJUNCTIVE RELIEF.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff R & R PRODUCE, INC. ("PLAINTIFF" or "R & R PRODUCE") for its complaint against the above named Defendants in the consolidated action alleges as follows:

**JURISDICTION AND VENUE**

1.   Jurisdiction is based on Section 5(c)(5) (7 U.S.C. §499e)  and Section 7(b) (7 U.S.C. §499g(b)) of the Perishable Agricultural Commodities Act (hereafter, the "PACA"), and 28 U.S.C. §1331.  This Court has jurisdiction over the remaining causes of action which do not arise under PACA pursuant to 28 U.S.C. §1367(a) because said causes of action form part of the same case or controversy.

2.   Venue in this District is based on 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to R & R PRODUCE's claims occurred in the Northern District of Ohio.

**INTRADISTRICT ASSIGNMENT AND TRANSFER**

3.   This action was initially appropriate for assignment to the San Jose Division of the Northern District of California because a substantial part of the events or omissions giving rise to this PLAINTIFF's claims occurred in Santa Cruz County located within the San Jose Division of the Northern District of California. Accordingly, on May 29, 2019, this case was filed in the Northern District of California.

4.   On July 17, 2019, R & R PRODUCE subsequently moved to transfer its case to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a) because R & R learned that there was a related consolidated action pending in the Northern District of Ohio, namely *Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.,* Case No. 1:18-cv-02754-PAB (the "Ohio PACA Cases"), which involved most of the same party defendants, had common questions of law and facts, and which sought recovery of monies from a common fund in which R & R PRODUCE is entitled to participate as a trust creditor under the PACA.

5.   Subsequently, on July 22, 2019, the Court in the Northern District of California entered an Order on Stipulation to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and then R & R PRODUCE's case was transferred immediately to the Northern District of Ohio.

6.   Thereafter, on July 31, 2019, R & R PRODUCE filed a Joint Motion to Consolidate Related Actions in this captioned case. On August 2, 2019, the Northern District of Ohio entered an Order to

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

2

Consolidate the Complaint of R & R PRODUCE with this captioned case in the interest of convenience of the parties and economy in judicial administration.

## DESCRIPTION OF PARTIES

7.  PLAINTIFF R & R PRODUCE  is now and at all relevant times material herein was a California corporation, with its principal business office in the County of Santa Cruz, State of California. R & R PRODUCE is in the business of marketing and selling perishable agricultural commodities in interstate commerce, and is licensed by the United States Department of Agriculture PACA Branch ("PACA Branch") under PACA pursuant to PACA License No. 1991410.

8.  On information and belief, DEFENDANT PK PRODUCE, INC. ("PK PRODUCE"),  is an Ohio corporation, with its principal business office in Canton, Ohio, who was at all times relevant herein in the business of marketing and selling perishable agricultural commodities in interstate commerce, and was formerly licensed by the PACA Branch pursuant to PACA License No. 20161129. PK PRODUCE purchased various items of produce from R & R PRODUCE in the County of Santa Cruz, State of California, which have not yet been paid for in accordance with the terms of the contracts for the sale of the produce, as more fully alleged below.

9.  On information and belief, Defendant DEBBIE KASAPIS, an individual ("DEBBIE KASAPIS"), and a resident of Ohio, was at all times relevant herein, an officer, director and/or owner of  PK PRODUCE, or otherwise responsibly connected to PK PRODUCE.

10.  On information and belief, Defendant PAUL G.A. KASAPIS, an individual (hereinafter, "PAUL KASAPIS"), and a resident of Ohio, was at all times relevant herein, an officer, director and/or owner of PK PRODUCE, or otherwise responsibly connected to PK PRODUCE. Defendants DEBBIE KASAPIS and PAUL KASAPIS  are referred to collectively herein as the "RESPONSIBLY CONNECTED PARTIES".

11.  On information and belief, Defendant GEORGE ARGIE, an individual, ("ARGIE"), and a resident of Ohio, is an attorney for PK PRODUCE, who at relevant times herein, wrongfully received monies which arose from, directly or indirectly, the sales of perishable agricultural commodities by PK PRODUCE.

12.    On information and belief, Defendant ARGIE, D'AMICO & VITANTONIO, an unincorporated association of attorneys ("ADV"), doing business in Ohio, is a law firm representing PK PRODUCE, who at relevant times herein, wrongfully received monies which arose from, directly or indirectly, the sales of perishable agricultural commodities by PK PRODUCE.

13.    On information and belief, Defendant 3D LOGISTICS, LLC, is an Ohio limited liability company, with its principal business office in Canton, Ohio ("3D"), which is owned and/or operated by a former employee of PK PRODUCE, Jeffery W. Heestand, and/or his spouse, Amy Heestand, who, at relevant times herein, wrongfully received and/or transferred one or more vehicles or other equipment or personal property which were purchased, maintained, repaired and/or improved using Defendant PK PRODUCE's business revenues arising from the sale of perishable agricultural commodities, and as such would constitute PACA trust assets of PK PRODUCE (herein collectively referred to as the "VEHICLES" and "OTHER PROPERTY").

14.    On information and belief, Defendant MAGNUM EXPRESS TRUCKING, INC., is an Ohio corporation, with its principal business office in Canton, Ohio ("MAGNUM"), which is owned and/or operated by one or both of the RESPONSIBLY CONNECTED PARTIES, who, at relevant times herein, wrongfully received  monies which arose from, directly or indirectly, the sales of perishable agricultural commodities by PK PRODUCE, and/or wrongfully received and/or transferred one or more of the VEHICLES or OTHER PROPERTY which constitute PACA trust assets of PK PRODUCE.

15.    On information and belief, Defendant STRIKE ZONE LANES, LLC, is an Ohio limited liability company, with its principal business office in Canton, Ohio ("STRIKE ZONE"), which is owned and/or operated by one or both of the RESPONSIBLY CONNECTED PARTIES, who, at relevant times herein, wrongfully received  monies which arose from, directly or indirectly, the sales of perishable agricultural commodities by PK PRODUCE, and/or wrongfully received and/or transferred one or more of the VEHICLES or OTHER PROPERTY which constitute PACA trust assets of PK PRODUCE.

16.    On information and belief, Defendant SIPASAK PROPERTIES, LLC, F/K/A KASAPIS PROPERTIES, LLC, is an Ohio limited liability company, with its principal business office in Canton,

Ohio ("SIPASAK"), which is owned and/or operated by one or both of the RESPONSIBLY CONNECTED PARTIES, who, at relevant times herein, wrongfully received monies which arose from, directly or indirectly, the sales of perishable agricultural commodities by PK PRODUCE, and/or wrongfully received and/or transferred one or more of the VEHICLES or OTHER PROPERTY which constitute PACA trust assets of PK PRODUCE.

17. On information and belief, Defendant THE KASAPIS FAMILY IRREVOCABLE INTERVIVOS TRUST DATED APRIL 6, 2003, WITH KATHY S. BUSHWAY AS TRUSTEE, is a trust ("KASAPIS TRUST"), of which one or both of the RESPONSIBLY CONNECTED PARTIES are trust beneficiaries, which has availed itself of the jurisdiction of this Court by virtue of its recording of Quit Claim Deeds in the Public Records of Stark County, Ohio, for real property which may be subject to this action, and/or who, at relevant times herein, wrongfully received monies which arose from, directly or indirectly, the sales of perishable agricultural commodities by PK PRODUCE.

18. Defendant PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES, ARGIE, ADV, 3D, MAGNUM, STRIKE ZONE, SIPASAK, and KASAPIS TRUST are hereinafter referred to collectively as the "DEFENDANTS".

19. Defendants, Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are currently unknown to PLAINTIFF. When their true names and capacities are ascertained, PLAINTIFF will amend this Complaint by inserting their true names and capacities herein. Upon information and belief, each of the fictitiously sued Defendants are responsible in some way for the occurrences alleged in this Complaint and the damages complained of herein by PLAINTIFF were caused by said fictitiously named Defendants.

## GENERAL ALLEGATIONS CONCERNING THE RESPONSIBLY CONNECTED PARTIES AND THE OTHER NAMED DEFENDANTS

20. On information and belief, the RESPONSIBLY CONNECTED PARTIES are and at all relevant times herein have been, insiders of Defendant PK PRODUCE, with actual and/or constructive knowledge of the provisions of the PACA, the PACA trust requirements and the provisions set forth therein, and who are and/or were during all times relevant herein, responsible for the daily management

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*          First Amended Complaint of R & R Produce, Inc.

5

and control of Defendant PK PRODUCE, and who are and/or were during all relevant times herein, statutory trustees under PACA, and in a position to control the PACA trust assets that are the subject of this lawsuit. In addition, the RESPONSIBLY CONNECTED PARTIES are and/or were at all relevant times herein, responsible for the daily management and control of Defendant PK PRODUCE, and therefore responsible for the compliance by Defendant PK PRODUCE with its fiduciary obligations to R & R PRODUCE.

21. On information and belief, Defendant PK PRODUCE has ceased using the accounts receivable that are or were being collected by PK PRODUCE from the sale of perishable agricultural commodities to pay the PACA debts owed to R & R PRODUCE, which are described below. Instead, such accounts receivable are or were being used to pay debts owed to unknown third parties who are not PACA trust beneficiaries, and/or have been or are being transferred to the RESPONSIBLY CONNECTED PARTIES and/or one or more of the other named DEFENDANTS. Such actions constitute a diversion of PACA trust assets in violation of applicable law.

22. The trust provisions of the PACA, 7 U.S.C. 499e(c), provide that upon receipt of perishable agricultural commodities by PK PRODUCE, R & R PRODUCE became the beneficiary of a floating, non-segregated statutory trust on all of PK PRODUCE's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and all receivables or proceeds from the sale of such perishable agricultural commodities or other products or assets derived therefrom. The beneficiary of a PACA trust is entitled to priority as to all PACA trust assets of the Defendant PK PRODUCE, ahead of administrative expenses, claims for attorneys' fees, and all claims of creditors, including those with valid security interests.

23. A party who receives trust funds, or other PACA trust assets, knowing that there has been a breach of trust under PACA, does so at his peril. Only a bona fide purchaser for value without notice of the breach of trust may keep trust funds or PACA trust assets so transferred. The RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS do not fall within such category, and must refund any such trust monies or other PACA trust assets so received.

24.    On information and belief, one or more of the RESPONSIBLY CONNECTED PARTIES and/or one or more of the other named DEFENDANTS received monies which arose from Defendant PK PRODUCE's business revenues, and/or from PK PRODUCE's accounts receivable, and/or wrongfully received and/or transferred one or more of the VEHICLES or OTHER PROPERTY, which would be a part of the PACA trust and recoverable from one or more of the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS.

## GENERAL ALLEGATIONS CONCERNING THE ISSUANCE OF A DEFAULT ORDER BY THE PACA BRANCH

25.    On or about December 3, 2018, R & R PRODUCE instituted a reparation proceeding under PACA and the Rules of Practice under the PACA (7 C.F.R. § 4.1 - 47.49) by filing a Complaint (the "PACA Complaint") with the PACA Branch seeking reparation against PK PRODUCE in connection with transactions involving the sale of perishable agricultural commodities in interstate commerce which are described therein (the "Produce"). A true and correct copy of the PACA Complaint is attached hereto as **Exhibit "1"** and incorporated herein by reference.

26.    Thereafter, the PACA Complaint was duly served on PK PRODUCE but PK PRODUCE failed to timely file a response to the PACA Complaint.

27.    Thereafter, on or about March 27, 2019, a Judicial Officer from the Office of the U. S. Secretary of Agriculture issued a Default Order with respect to the PACA Complaint (the "PACA Default Order"), which PACA Default Order concluded that PK PRODUCE had violated Section 2 of the PACA (7 U.S.C. § 499b), and as such was required to pay R & R PRODUCE the sum of $131,983.35 as reparation, with interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest at an unspecified rate on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, within 30 days of the date of issuance of the PACA Default Order (the "PACA Judgment"). A true and correct copy of the PACA Default Order is attached hereto as **Exhibit "2"** and incorporated herein by reference.

28.     Thereafter, on or about March 28, 2019, the Chief of the Dispute Resolution Branch of the PACA Branch sent a letter to R & R PRODUCE which enclosed the PACA Default Order (the "PACA Default Order Letter").     The PACA Default Order Letter informed R & R PRODUCE that if PK PRODUCE did not pay the amount of the PACA Judgment within 30 days of issuance of the PACA Default Order then the PACA License issued to PK PRODUCE would be suspended effective as of the close of business on May 6, 2019. The PACA Default Order Letter further informed R & R PRODUCE that the PACA Branch had determined that Defendant PAUL KASAPIS was a responsibly connected individual to PK PRODUCE. The PACA Default Order Letter further informed R & R PRODUCE that if the PACA Judgment was not satisfied in accordance with the terms of the PACA Default Order that R & R PRODUCE had a right to file suit in U.S. District Court to enforce its rights pursuant to Section 7(b) (7 U.S.C. §499g(b)) of PACA.  A true and correct copy of the PACA Default Order Letter is attached hereto as **Exhibit "3"** and incorporated herein by reference.

29.     PK PRODUCE failed to pay R & R PRODUCE the amount due pursuant to the PACA Default Order within 30 days of the date of issuance of the PACA Default Order, and PK PRODUCE has continued to fail to pay R & R PRODUCE the amount due pursuant to the PACA Default Order as of the date of the filing of the instant Complaint.

30.     On information and belief, PACA License No. 20161129 issued to PK PRODUCE has now been suspended effective as of May 6, 2019, based on the statements made in the PACA Default Order Letter and based on information set forth on the PACA Branch website.

31.     R & R PRODUCE has decided to exercise its rights in this Court to obtain damages for the failure of PK PRODUCE to timely pay the amount due to R & R PRODUCE pursuant to the PACA Default Order in accordance with the provisions of Section 7(b) (7 U.S.C. §499g(b)) of PACA, and in accordance therewith has filed a copy of the PACA Complaint and the PACA Default Order as **Exhibits "1"** and **"2"** to this Complaint, respectively.

32.     In accordance with the provisions of Section 7(b) (7 U.S.C. §499g(b)) of PACA, the findings and orders set forth in the PACA Default Order shall be prima-facie evidence of the facts

therein stated, and R & R PRODUCE shall not be liable for costs in this district court, nor for costs at any subsequent state of the proceedings, unless they accrue upon appeal, and if R & R PRODUCE prevails, it shall be allowed a reasonable attorney's fee, to be taxed and collected as part of the costs of the suit.

## FIRST CAUSE OF ACTION

### (For Breach of Contracts Against Defendant PK PRODUCE)

33.     R & R PRODUCE re-alleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

34.     At all relevant times herein, Defendant PK PRODUCE was engaged in the business of marketing and selling produce in interstate commerce as a commission merchant, dealer, and/or broker, subject to the provisions of the PACA and the regulations promulgated by the United States Secretary of Agriculture pursuant to the PACA.

35.     On or about August 27, 2018, August 31, 2018, September 8, 2018, September 13, 2018, September 19, 2018, September 28, 2018, October 4, 2018, October 12, 2018, R & R PRODUCE and PK PRODUCE entered into written agreements whereby R & R PRODUCE agreed to sell to PK PRODUCE certain orders of perishable agricultural commodities in interstate commerce (the "Produce"), which Produce is described in detail on Pages 2 thru 5 of the PACA Complaint, and Exhibits A1 thru A8 of the PACA Complaint, and PK PRODUCE  agreed to pay R & R PRODUCE for the Produce the sums set forth  on Pages 2 thru 5 of the PACA Complaint, and Exhibits A1 thru A8 of the PACA Complaint, as consideration therefore.  These purchases of Produce were memorialized in writing in Invoices (the "Invoices"), true and correct copies of which Invoices are attached and included in Exhibits A1 thru A8 of the PACA Complaint and incorporated herein by reference.

36.     The terms of the sale of the Produce were memorialized in writing in the Invoices. In addition, R & R PRODUCE's  Invoices provide for late charges to be paid on all past-due account balances at the rate of 1.5% per month or eighteen (18% per annum).  The total amount now owed to R & R PRODUCE by PK PRODUCE for the Produce as of the date of this Complaint was the sum of

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                                    First Amended Complaint of R & R Produce, Inc.

9

$131,983.35, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in connection with this litigation, as provided by the terms of the Invoices and Section 7(b) (7 U.S.C. §499g(b)) of PACA.

37.     R & R PRODUCE  has performed all conditions, covenants and promises required by it on its part to be performed in accordance with the terms and conditions of the foregoing written agreements relating to the sale of the Produce.

38.     Defendant PK PRODUCE breached its written agreements with R & R PRODUCE by failing and refusing to pay to R & R PRODUCE the full amounts owed to R & R PRODUCE pursuant to the terms of the Invoices, although the same is now past due, and PK PRODUCE was also required to pay R & R PRODUCE the amounts due pursuant to the terms of the PACA Default Order.  Although repeated demand for payment of said sums has been made upon PK PRODUCE  by R & R PRODUCE, no part thereof has been paid.

39.     As a direct and proximate result of PK PRODUCE's failure to remit payments to R & R PRODUCE, as of the date of this Complaint, there was due and owing, and unpaid from PK PRODUCE  to R & R PRODUCE the sum of $131,983.35, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

## SECOND CAUSE OF ACTION

### (Accounts Stated Against Defendant PK PRODUCE)

40.     R & R PRODUCE re-alleges and incorporates herein by reference each and every allegation contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                                      First Amended Complaint of R & R Produce, Inc.

10

41.     R & R PRODUCE has repeatedly sent to PK PRODUCE Invoices in which the accounts were stated in writing between R & R PRODUCE and PK PRODUCE, with a balance of $131,983.35 shown due to R & R PRODUCE from PK PRODUCE.  Although demanded by R & R PRODUCE from PK PRODUCE, no part of this balance has been paid.

42.     As of the date of this Complaint, there was due and owing, and unpaid from PK PRODUCE to R & R PRODUCE  the sum of $131,983.35, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

### THIRD CAUSE OF ACTION

### (Open Book Account Against Defendant PK PRODUCE)

43.     R & R PRODUCE re-alleges and incorporates herein by reference each and every allegation contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

44.     On the dates and in the amounts set forth in the Invoices, Defendant PK PRODUCE became indebted to PLAINTIFF for said amounts as the reasonable value of the Produce furnished to PK PRODUCE, at its specific instance and request.

45.     Although demanded by R & R PRODUCE from PK PRODUCE, the balance on said open book account has not been paid.  As of the date of this Complaint, there was due and owing, and unpaid from PK PRODUCE to R & R PRODUCE  the sum of  $131,983.35, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

### FOURTH CAUSE OF ACTION

### (Enforcement of the Statutory Trust Provisions of the PACA & Disgorgement Against All DEFENDANTS)

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                                      First Amended Complaint of R & R Produce, Inc.

11

46.     R & R PRODUCE  re-alleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

47.     R & R PRODUCE delivered to PK PRODUCE, for sale and delivery by PK PRODUCE to the customers of PK PRODUCE in the course of interstate commerce, the Produce, which was perishable agricultural commodities, for which PK PRODUCE agreed to pay R & R PRODUCE the total sum of not less than $131,983.35.

48.     All of the Produce that R & R PRODUCE delivered to PK PRODUCE  was of the kind, quality, grade and size called for under the terms of the Invoices between the parties.

49.     On information and belief, all of the customers of PK PRODUCE have accepted and paid for the Produce, but PK PRODUCE has failed and refused to pay PLAINTIFF the agreed sums for said commodities, leaving a balance due to R & R PRODUCE  in the sum of at least  $131,983.35, together with late charges, interest, the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, as more fully described above.

50.     Each of the Invoices provide the following on the front of the Invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."  Therefore, under the PACA trust provisions, 7 U.S.C. §499e(c), R & R PRODUCE is the beneficiary of a floating, non-segregated statutory trust on all of PK PRODUCE's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and all receivables or proceeds from the sale of such perishable agricultural commodities or other products or assets derived therefrom, until R & R PRODUCE is paid in full for the amounts it is owed for the Produce.

51.     R & R PRODUCE has performed and fulfilled all duties required by the PACA trust provisions in order to preserve its PACA trust benefits in the amount alleged in this Complaint to be due

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                                        First Amended Complaint of R & R Produce, Inc.

12

and owing from PK PRODUCE to R & R PRODUCE  (7 U.S.C. §499e(c)(1)-(4)).  As a result, R & R PRODUCE holds a perfected interest as a statutory trust beneficiary in the PACA trust assets held by, or previously held by, PK PRODUCE.  Indeed, the PACA trust assets are not, and never became, the property of PK PRODUCE.  Rather, as the beneficiary of the PACA trust, R & R PRODUCE holds equitable title to the trust assets, including all inventories of perishable agricultural commodities, and all assets purchased with, or maintained by, the proceeds from the sale of perishable agricultural commodities.

52.    The PACA trust requires and required PK PRODUCE, and the RESPONSIBLY CONNECTED PARTIES, to hold and to preserve all perishable agricultural commodities, proceeds and receivables in trust for the benefit of R & R PRODUCE until full payment is made to R & R PRODUCE for the Produce.  On information and belief, PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES have failed to maintain the trust assets and to keep them available to satisfy PK PRODUCE's obligations to R & R PRODUCE, all in violation of the provisions of PACA and the regulations promulgated thereunder.  PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES have failed to perform the requirements of the PACA statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of PACA, and the regulations promulgated thereunder.

53.    R & R PRODUCE is informed and believes and thereon alleges that PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES  improperly dissipated R & R PRODUCE's interest in the trust assets by failing to maintain the trust, and by using the trust assets for purposes other than for paying R & R PRODUCE, all in violation of the PACA, 7 U.S.C. §§499b(4) and 499e(c).  On information and belief, PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES transferred or diverted all or a portion of the trust assets, namely receivables or proceeds derived from the sale of produce, the VEHICLES and/or the OTHER PROPERTY to the RESPONSIBLY CONNECTED PARTIES, to the other named DEFENDANTS and/or to an unknown party or parties in violation of the statutory duties of PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES under the PACA

to preserve the trust assets for the benefit of R & R PRODUCE. Said transfers of trust assets to the RESPONSIBLY CONNECTED PARTIES, to the other named DEFENDANTS and/or to an unknown party or parties, were made while the RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS had actual and/or constructive notice of R & R PRODUCE's PACA trust claims and PK PRODUCE's obligations to R & R PRODUCE. The statutory trust created by the PACA unequivocally gives priority to the interest of R & R PRODUCE on all inventories of products derived from perishable agricultural commodities, and/or any receivables or proceeds from the sale of such commodities or products, and/or the VEHICLES and OTHER PROPERTY that have been transferred to the RESPONSIBLY CONNECTED PARTIES, to the other named DEFENDANTS and/or to any other secured or unsecured creditors of PK PRODUCE who are not PACA trust creditors.

54.     As a direct and proximate cause and result of the wrongful acts and omissions of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, R & R PRODUCE has suffered the loss of at least $131,983.35, all of which qualifies for protection under the PACA trust, together with interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

55.     PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS must immediately account to R & R PRODUCE for all PACA trust assets currently in the possession of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, and must immediately disgorge them to R & R PRODUCE until full payment for the perishable agricultural commodities sold and shipped by R & R PRODUCE to PK PRODUCE has been made to R & R PRODUCE.

## FIFTH CAUSE OF ACTION

### (For Violations of the PACA– Failure to Account and Pay Promptly and the FAC–Failure to Make Timely Payment Against All DEFENDANTS)

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*          First Amended Complaint of R & R Produce, Inc.

14

56.     R & R PRODUCE realleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

57.     R & R PRODUCE has repeatedly demanded that PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, pay the amounts due to R & R PRODUCE stated above, for perishable agricultural commodities sold and delivered to PK PRODUCE, as described above.   Despite these demands, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS have failed and refused to truly, correctly, and accurately account for and make full payment to R & R PRODUCE for the Produce.  Therefore, PK PRODUCE has failed to perform the requirements of said Invoices, express and implied, and has breached its duty to account and pay for the Produce sold, and has diverted PACA trust assets, all in violation of the PACA, 7 U.S.C. §§499e *et seq.*, and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.   Accordingly, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS have breached their duties to account for any PACA trust assets they have received from PK PRODUCE, and have diverted PACA trust assets to themselves and/or to other third parties, resulting in the failure to pay the PACA trust assets to the rightful owner, R & R PRODUCE, the PACA trust beneficiary, all in violation of the provisions of the PACA, and other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

58.     As a direct and proximate cause and result of the wrongful acts and omissions of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS, as alleged above, R & R PRODUCE  has suffered losses in the amount of at least $131,983.35, due and owing to R & R PRODUCE  from the sale of perishable agricultural commodities, which sum has been wrongfully withheld or diverted by PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

## SIXTH CAUSE OF ACTION

### (Conversion Against All DEFENDANTS)

59.     R & R PRODUCE re-alleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

60.     At all times relevant herein, R & R PRODUCE was and is entitled to possession of the specific sums as alleged herein in the total amount of at least $131,983.35, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

61.     Since the Produce was sold by R & R PRODUCE to PK PRODUCE, and continuing thereafter, R & R PRODUCE  has repeatedly demanded the immediate turnover by PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS of the above-mentioned sums as they became due, but PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, have failed and refused, and continue to fail and refuse, to turn over such sums of money to R & R PRODUCE.  On information and belief, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS have diverted payments of accounts receivable, assets of the PACA trust, and monies due and owing to R & R PRODUCE to themselves and/or to other third parties.

62.     As a direct and proximate result of the aforementioned wrongful acts of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, R & R PRODUCE has suffered losses in the amount of at least $131,983.35, plus interest at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus attorneys' fees and costs incurred in this litigation, according to proof.

63.     In addition, in doing and omitting to do the foregoing, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS, and their officers, directors and/or managing agents, were guilty of malice, fraud, and oppression, and therefore, R & R PRODUCE is entitled to an award of punitive and exemplary damages according to proof.

**SEVENTH CAUSE OF ACTION**

**(Unjust Enrichment Against All DEFENDANTS)**

64.     R & R PRODUCE re-alleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

65.     On information and belief, PK PRODUCE received all of the rights and benefits due to PK PRODUCE pursuant to the Invoices, but failed to meet its obligations to R & R PRODUCE pursuant to the Invoices, and did not remit to R & R PRODUCE all of the amounts due to R & R PRODUCE for the Produce sold by R & R PRODUCE to PK PRODUCE.  On information and belief, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS  transferred or diverted all or a portion of the trust assets, namely receivables or proceeds derived from the sale of the Produce, the VEHICLES, and/or the OTHER PROPERTY to the RESPONSIBLY CONNECTED PARTIES, the other named DEFENDANTS and/or to an unknown party or parties in violation of the statutory duties of PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES under the PACA to preserve the trust assets for the benefit of PLAINTIFF.  Said transfers of trust assets were made while PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS had actual and/or constructive notice of R & R PRODUCE's PACA trust claims and PK PRODUCE's obligations to R & R PRODUCE.  PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES, and/or the other named DEFENDANTS have converted, for their own use and benefit, and/or for the benefit of an unknown party or parties, the Produce delivered to PK PRODUCE  by R & R PRODUCE, the proceeds derived therefrom, the VEHICLES, and/or the OTHER PROPERTY valued in the cumulative amount of at least  $131,983.35.

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*      First Amended Complaint of R & R Produce, Inc.

17

66.     If PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS are allowed to continue to convert and/or use such Produce, the proceeds derived therefrom, the VEHICLES, and/or the OTHER PROPERTY, they will be unjustly enriched to the detriment of R & R PRODUCE.

67.     As a direct and proximate result of the wrongful conversion of funds due to R & R PRODUCE, the VEHICLES, and/or the OTHER PROPERTY, R & R PRODUCE has been damaged and PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS have been unjustly enriched in the cumulative amount of at least $131,983.35, plus such other amounts to be determined according to proof.

## EIGHTH CAUSE OF ACTION

### (Constructive Trust/Disgorgement Against All DEFENDANTS)

68.     R & R PRODUCE realleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

69.     R & R PRODUCE is informed and believes and thereon alleges that PK PRODUCE and the RESPONSIBLY CONNECTED PARTIES induced R & R PRODUCE to sell the Produce to PK PRODUCE.

70.     R & R PRODUCE is informed and believes and thereon alleges that PK PRODUCE and/or the RESPONSIBLY CONNECTED PARTIES took such action and made such promises with the intent to defraud R & R PRODUCE and to induce R & R PRODUCE to sell perishable agricultural commodities to PK PRODUCE, and thereby acquire and keep such property and the sales proceeds thereof for their own use.

71.     R & R PRODUCE is informed and believes and thereon alleges that at the time of such acts and promises by PK PRODUCE and/or the RESPONSIBLY CONNECTED PARTIES as alleged herein, R & R PRODUCE was unaware of their secret intentions and therefore acted reasonably in relying on their acts and promises, and that if R & R PRODUCE had known of their secret intention not

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

18

1  to perform, R & R PRODUCE would not have acted in reliance upon their promises, and continued to

2  deliver and sell the Produce to PK PRODUCE.

3      72.    On information and belief, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES

4  and/or the other named DEFENDANTS transferred or diverted all or a portion of the trust assets,

5  namely receivables or proceeds derived from the sale of produce, the VEHICLES, and/or the OTHER

6  PROPERTY, to the RESPONSIBLY CONNECTED PARTIES, the other named DEFENDANTS and/or

7  to an unknown party or parties, in violation of the statutory duties of PK PRODUCE, the

8  RESPONSIBLY CONNECTED PARTIES and the other named DEFENDANTS under the PACA to

9  preserve the trust assets for the benefit of PLAINTIFF. Said transfers of trust assets were made while

10 PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS

11 had actual and/or constructive notice of R & R PRODUCE's PACA trust claims and PK PRODUCE's

12 obligations to R & R PRODUCE. PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES

13 and/or the other named DEFENDANTS have converted for their own use and benefit, and/or for the

14 benefit of an unknown party or parties, the Produce delivered to PK PRODUCE by R & R PRODUCE,

15 the proceeds derived therefrom, the VEHICLES, and/or the OTHER PROPERTY, valued in the

16 cumulative amount of at least $131,983.35.

17     73.    R & R PRODUCE is further informed and believes and thereon alleges that PK PRODUCE,

18 the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS are in

19 possession of PACA trust assets rightfully belonging to R & R PRODUCE and in which R & R

20 PRODUCE has a beneficial interest, consisting of cash on deposit, inventory of perishable agricultural

21 commodities, accounts receivable, the proceeds of sale therefrom, the VEHICLES, and/or the OTHER

22 PROPERTY, which was acquired through the use of PACA trust assets.

23     74.    R & R PRODUCE has demanded the immediate turnover of all such PACA trust assets in the

24 possession of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named

25 DEFENDANTS, however, PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the

26

27

28 *Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*    First Amended Complaint of R & R Produce, Inc.

other named DEFENDANTS have failed and refused, and continue to fail and refuse, to turnover said PACA trust assets to R & R PRODUCE.

75.     By virtue of R & R PRODUCE's status as a PACA trust beneficiary and by virtue of the possession of PACA trust assets described herein by PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, it should be determined that PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS hold such PACA trust assets in trust as constructive trustees for R & R PRODUCE's benefit.

76.     R & R PRODUCE does not know the specific value of the PACA trust assets held by each of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, and therefore a full accounting is necessary to determine the scope, extent, and value of PACA trust assets being held by PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS.

77.     R & R PRODUCE is informed and believes and thereon alleges that PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, hold monies, inventory, accounts receivable, the VEHICLES, and/or the OTHER PROPERTY which are PACA trust assets belonging to R & R PRODUCE in the cumulative amount of at least $131,983.35, the value of the Produce sold by R & R PRODUCE to PK PRODUCE, as constructive trustees for the benefit of R & R PRODUCE .

### NINTH CAUSE OF ACTION

### (Declaratory Relief Against All DEFENDANTS)

78.     R & R PRODUCE re-alleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

79.     An actual controversy has arisen and now exists relating to the rights and duties of the parties in that R & R PRODUCE contends that the PACA requires PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS to preserve and to immediately surrender sufficient PACA trust assets to pay R & R PRODUCE in full for the Produce.     PK

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*     First Amended Complaint of R & R Produce, Inc.

20

PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS have failed and/or otherwise refused to acknowledge and to act on their obligations under the PACA trust provisions and/or to recognize R & R PRODUCE's priority interest in the trust assets held by PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, or to otherwise acknowledge the validity of the statutory trust provisions.

80.    R & R PRODUCE  seeks an Order of this Court declaring that its PACA trust claim is superior to and has priority over all claims that PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS may assert to the accounts receivable, inventory, proceeds, the VEHICLES, and/or the OTHER PROPERTY of PK PRODUCE, which is the subject of the PACA trust provisions, except those rights of any other properly perfected PACA trust creditors, to the extent such receivables, inventory, proceeds, the VEHICLES, and/or the OTHER PROPERTY constitute the corpus of the PACA trust funds of which R & R PRODUCE is a beneficiary.  R & R PRODUCE will show that any perfected security interest that a third party might have who is not a PACA trust beneficiary in PK PRODUCE's accounts receivable, inventory, proceeds, the VEHICLES, and/or the OTHER PROPERTY is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries, including R & R PRODUCE.

81.    Further, R & R PRODUCE seeks a declaratory judgment from this Court establishing (1) that the PACA trust funds never became the property of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS; (2) that R & R PRODUCE's trust claim under the PACA is superior to and takes priority over any secured and unsecured claims of any third party (other than other PACA trust beneficiaries), to PK PRODUCE's accounts receivable, inventory, the proceeds thereof, the VEHICLES, and/or the OTHER PROPERTY; and (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of PK PRODUCE, the RESPONSIBLY CONNECTED PARTIES and/or the other named DEFENDANTS, and thus possibly subject to a third party's liens or claims, if such are established.

\

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

21

# TENTH CAUSE OF ACTION

## (Injunctive Relief Against All DEFENDANTS)

82.     R & R PRODUCE re-alleges and incorporates by reference all allegations contained in all of the above paragraphs of this Complaint, as if set forth in full herein.

83.     Pursuant to the provisions of the PACA, specifically 7 U.S.C. § 499e(c), perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products derived from these products are held in trust by the receiver for the benefit of unpaid suppliers until such suppliers receive full payment of sums owed in connection with such transactions.

84.     On numerous occasions R & R PRODUCE has demanded that DEFENDANTS pay the balance due to R & R PRODUCE in the amount alleged in this Complaint, but DEFENDANTS have failed and refused, and continue to fail and refuse, to remit payment to R & R PRODUCE for the Produce that Defendant PK PRODUCE received.

85.     R & R PRODUCE believes and thereon alleges that Defendant PK PRODUCE is failing to pay its undisputed debts, including R & R PRODUCE's PACA trust debt, as those debts become due.  R & R PRODUCE is further informed and believes, and thereon alleges, that as a result of this failure, the PACA trust assets have been dissipated and/or are dissipating and will continue to dissipate unless DEFENDANTS are restrained from further dissipation by order of this Court.

86.     Pursuant to the terms of the PACA trust, and pursuant to DEFENDANTS' fiduciary duty owed to R & R PRODUCE under federal law, DEFENDANTS owed a duty to transfer to R & R PRODUCE the sums owed to R & R PRODUCE for the Produce shipments which are the subject of this Complaint.

87.     R & R PRODUCE is informed and believes and thereon alleges that DEFENDANTS have dissipated, diverted and will continue to dissipate and divert assets, which are due and owing to R & R PRODUCE, either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

22

88.     If such diversion of assets is allowed to continue, R & R PRODUCE will suffer great and irreparable harm in that the PACA trust assets will not be preserved, and R & R PRODUCE will have difficulty or be unable to pay its own creditors. Moreover, R & R PRODUCE and other creditors of PK PRODUCE, a substantial number of which are PACA trust creditors (like R & R PRODUCE), will suffer great and irreparable harm if all PACA trust assets held by DEFENDANTS for the benefit of R & R PRODUCE, and other similarly situated PACA trust creditors, are dissipated and are forever lost to such creditors.

89.     On February 14, 2019, this Court entered a Preliminary Consent Injunction in this case, Docket No. 21 (the "Preliminary Consent Injunction").  On information and belief, after the Preliminary Consent Injunction was entered, one or more of the named DEFENDANTS have violated the terms of the Preliminary Consent Injunction, either directly or indirectly, and have continued to dissipate the PACA trust assets of PK PRODUCE.

90. Accordingly, R & R PRODUCE will request that this Court enter such additional and further order(s) and injunctive relief which are necessary to compel DEFENDANTS to comply with the Preliminary Consent Injunction, and to immediately account to the Court and to R & R PRODUCE for all assets of the PACA trust from commencement of Defendant PK PRODUCE' business through the date of such additional order(s) and to compel DEFENDANTS to turnover sufficient PACA trust assets until all PACA trust creditors are paid in full. In the alternative, R & R PRODUCE requests that this Court enter a temporary restraining order directing that DEFENDANTS, DEFENDANTS' officers, directors, shareholders, members, managers, bankers, attorneys, agents, or any other person acting on DEFENDANTS' behalf, to cease and desist their violations of the Preliminary Consent Injunction, and to not disburse, transfer or otherwise dissipate the PACA trust assets, that they provide a complete accounting pending a hearing on  R & R PRODUCE's application for additional injunctive relief, and that they comply with PACA.

91.     R & R PRODUCE is informed and believes and thereon alleges that DEFENDANTS will not be damaged or injured in any way by the requested relief because the assets they hold are statutorily

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

23

required to be held in trust by DEFENDANTS for the benefit of R & R PRODUCE, and other similarly situated PACA trust creditors, until they receive full payment. Thus, to the extent that DEFENDANTS' assets are secured by the PACA trust, such assets rightfully belong to R & R PRODUCE and must be paid immediately to R & R PRODUCE.

WHEREFORE, R & R PRODUCE prays for judgment as follows:

**FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT**:

1. For actual damages in the sum of at least $131,983.35, as against PK PRODUCE;

2. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

3. For costs of suit, including reasonable attorneys' fees, according to proof; and

4. For such other and further relief as the court may deem proper.

**SECOND CAUSE OF ACTION FOR ACCOUNTS STATED:**

1. For damages against PK PRODUCE in the total amount of at least $131,983.35;

2. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

3. For costs of suit, including reasonable attorneys' fees, according to proof; and

4. For such other and further relief as the court may deem just and proper.

**THIRD CAUSE OF ACTION FOR OPEN BOOK ACCOUNT:**

1. For damages against PK PRODUCE in the total amount of at least $131,983.35;

2. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*     First Amended Complaint of R & R Produce, Inc.

24

$131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

    3. For costs of suit, including reasonable attorneys' fees, according to proof; and

    4. For such other and further relief as the court may deem just and proper.

**FOURTH CAUSE OF ACTION FOR ENFORCEMENT OF THE STATUTORY TRUST PROVISIONS OF THE PACA & DISGORGEMENT:**

    1. For an order requiring all of the DEFENDANTS to immediately account for and pay or deliver all PACA trust assets to R & R PRODUCE in the total sum of at least $131,983.35;

    2. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

    3. For costs of suit, including reasonable attorneys' fees, according to proof; and

    4. For such other and further relief as the court may deem just and proper.

**FIFTH CAUSE OF ACTION FOR VIOLATION OF THE PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY; AND THE FAC: FAILURE TO MAKE TIMELY PAYMENT:**

    1. For damages against the all of the DEFENDANTS in the total sum of at least $131,983.35;

    2. For an order requiring all of the DEFENDANTS to promptly account for and pay or deliver all PACA trust assets held on behalf of R & R PRODUCE;

    3. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

    4. For costs of suit, including reasonable attorneys' fees, according to proof; and

    5. For such other and further relief as the court may deem just and proper.

**SIXTH CAUSE OF ACTION FOR CONVERSION:**

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*        First Amended Complaint of R & R Produce, Inc.

25

1. For value of the monies converted in the amount of at least $131,983.35;

2. For punitive and exemplary damages against all of the DEFENDANTS in an amount according to proof;

3. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

4. For costs of suit, including reasonable attorneys' fees; and

5. For such other and further relief as the court may deem just and proper.

**SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT:**

1. For damages against all of the DEFENDANTS in the total sum in the amount of at least $131,983.35;

2. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

3. For costs of suit, including reasonable attorneys' fees, according to proof; and

4. For such other and further relief as the court may deem just and proper.

**EIGHTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST/DISGORGEMENT:**

1. For a declaration that all of the DEFENDANTS hold at least $131,983.35 in trust for the benefit of R & R PRODUCE;

2. For an order compelling all of DEFENDANTS to transfer legal title and possession of such sums and other PACA trust assets to R & R PRODUCE;

3. For costs of suit, including reasonable attorneys' fees, according to proof; and

4. For such other and further relief as the court may deem just and proper.

**NINTH CAUSE OF ACTION FOR DECLARATORY RELIEF:**

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*    First Amended Complaint of R & R Produce, Inc.

26

1. For a declaratory judgment establishing that:

a. The PACA trust assets never became the property of any of the DEFENDANTS, and that they must be immediately turned over to R & R PRODUCE until R & R PRODUCE is paid in full, including interest and all other charges assessed by the PACA Default Order, and costs and attorneys' fees according to proof;

b. The PACA trust assets held by the DEFENDANTS may not be used to pay any non-PACA claim or for any other purpose without the consent of R & R PRODUCE or order of the Court, until PLAINTIFF is paid in full, including pre-judgment late charges, post-judgment interest, costs and attorneys' fees according to proof;

c. R & R PRODUCE's PACA trust claim is superior to and takes priority over all other secured and unsecured non-PACA claims, if any, against PK PRODUCE's accounts receivable, inventory, proceeds from the sale of perishable agricultural commodities, the VEHICLES, and the OTHER PROPERTY acquired through the use of PACA trust assets; and

d. Only funds in excess of the trust funds necessary to pay R & R PRODUCE as a PACA trust claimant are the property of the estate of DEFENDANTS or possibly subject to DEFENDANT's liens or claims, if any are established;

2. For enforcement of the trust provisions of the PACA through payment of the sum of $131,983.35;

3. For interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee;

4. For costs of suit, including reasonable attorneys' fees, according to proof; and

5. For such other and further relief as the court may deem just and proper.

**TENTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF:**

1. For an order compelling all of the DEFENDANTS to fully comply with the Preliminary Consent Injunction;

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

27

2. For an order compelling all of the DEFENDANTS to turnover to R & R PRODUCE sufficient PACA trust assets to pay R & R PRODUCE the sums owed and protected by the PACA trust in the sum of $131,983.35, plus interest on the sum of $131,983.35 at the rate of 18% per annum (1.5% per month) from November 1, 2018 thru March 27, 2019, plus additional interest according to proof on the sum of $131,983.35 from March 27, 2019 until paid in full, plus the amount of $500 for the PACA Complaint handling fee, plus costs and attorneys' fees according to proof, and to deposit into a trust account sufficient PACA trust assets to pay such sums owed to R& R PRODUCE, plus such additional amounts required to pay all other PACA trust creditors in full;

3. For an order compelling all of the DEFENDANTS to immediately account to the Court and to R & R PRODUCE for all assets of the PACA trust from commencement of Defendant PK PRODUCE's business through the date of the order;

4. For an order compelling all of the DEFENDANTS to fully comply with PACA; and/or

5. In the alternative that this Court enter a temporary restraining order directing that DEFENDANTS, DEFENDANTS' officers, directors, shareholders, members, managers, bankers, attorneys, agents, or any other person acting on DEFENDANTS' behalf, to cease and desist their violations of the Preliminary Consent Injunction, and to not disburse, transfer or otherwise dissipate the PACA trust assets, that they provide a complete accounting pending a hearing on R & R PRODUCE's application for additional injunctive relief, and that they comply with PACA.

## **DEMAND FOR JURY TRIAL**

R & R PRODUCE hereby demands a trial by jury.

Respectfully submitted on February 20, 2020.

ANASTASSIOU & ASSOCIATES

By: /s/ Effie F. Anastassiou
Effie F. Anastassiou
Calif. SBN 96279

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                    First Amended Complaint of R & R Produce, Inc.

28

1

2

ANASTASSIOU & ASSOCIATES
242 Capitol St.
Post Office Box 2210
Salinas, California 93902
Telephone:  (831) 754-2501
Facsimile:  (831) 754-0621
Email: EffieEsq@SalinasAgLaw.com

3

4

5

6

*Attorneys for Plaintiff*
*R & R PRODUCE, INC.*

7

8

9

10

F:\RNR\PACA Claim against PK Produce\Consolidated Case Pleadings\FIRST AMENDED COMPLAINT & MOTION Seeking Leave to Amend to Add New D's\Proposed Amended Complaint - Ohio Format.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Great Lakes Packers, Inc., et al. v. P.K. Produce, Inc., et al.*                                                                First Amended Complaint of R & R Produce, Inc.

29