# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**Great Lakes Packers, Inc.,**
**et al.,**

                  **Plaintiffs,**

      **-vs-**

**P.K. Produce, Inc., et al.,**

                  **Defendants**

**Case No.  1:18cv2754 (lead case)**
                  **1:18cv2849**
                  **1:18cv2906**
                  **1:19cv1673**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

Currently pending is the Motion of Plaintiffs Great Lakes Packers, Inc., Keith Connell, Inc., C.H. Robinson Worldwide, Inc., Original Produce Distributing, Inc., The Players Sales, Inc., The Midwest's Best Produce Company, Victory Farm Sales, LLC, B&D Produce Sales, LLC, R&R Ag Consulting, Inc.,[1] and Farm-Wey Produce, Inc. (hereinafter referred to as "Plaintiffs") for Fed. R. Civ. P. 54(b) Determination and Entry of Final Judgment against Certain Defendants.  (Doc. No. 235.)  Defendants P.K. Produce, Inc., Debra Kasapis, Sipasak Properties, LLC, Magnum Trucking, Inc., Strike Zone Lanes, LLC, George Argie, and Argie, D'Amico & Vitantonio (hereinafter "the P.K. Produce Defendants")[2] filed a Brief in Opposition on April 1, 2022, to which Plaintiffs replied. (Doc. Nos. 237, 238.)

Also pending is Plaintiffs' Motion to Modify Preliminary Injunction and for Authorization to Disburse PACA Trust Funds.  (Doc. No. 234.)  No opposition was filed.

---

[1] Plaintiff R&R Ag Consulting, Inc. was formerly known as R&R Produce, Inc.  (Doc. No. 235 at fn 1.)

[2] Plaintiffs refer to this group of Defendants as the "Debra Defendants" in their Moton for Rule 54(b) Determination.  As this Court has referred to this group of Defendants as the "P.K. Produce Defendants" in its previous Opinions & Orders, it will do so again herein.

For the following reasons, Plaintiffs' Motion for Fed. R. Civ. P. 54(b) Determination and Entry of Final Judgment (Doc. No. 235) is DENIED.  Plaintiffs' Motion to Modify Preliminary Injunction (Doc. No. 234) is also DENIED.

## I.    Relevant Background

The facts of this case are set forth at length in this Court's June 2, 2021 Memorandum Opinion & Order regarding the parties' cross Motions for Summary Judgment and will not be repeated herein. (Doc. No. 195.)  In sum, Plaintiffs' claims arise out of Defendant P.K. Produce's failure to pay for certain produce sold by Plaintiffs to P.K. Produce between January and October 2018.  (*Id.*)  For the last three years, Plaintiffs have sought to recover the amounts allegedly owed, not only from P.K. Produce but also from P.K. Produce's former owners Defendants Paul Kasapis ("Paul") and Debra Kasapis ("Debra"), several companies owned by Paul and Debra, and Debra's attorneys.

In 2018 and early 2019, Plaintiffs in this consolidated action filed Complaints in this Court, asserting various claims against Defendants P.K. Produce, Paul, Debra, Sipasak Properties, LLC, The Kasapis Family Irrevocable Intervivos Trust, attorney George Argie[3] and the law firm of Argie, D'Amico, and Vitantonio.  (Doc. Nos. 1, 38.)  *See also C.H. Robinson Worldwide, Inc., et al. v. P.K. Produce, Inc., et al.*, Case No. 1:18cv2849 (N.D. Ohio); *B&D Produce Sales LLC v. P.K. Produce, Inc., et al.*, Case No. 1:18cv2906 (N.D. Ohio); *R&R Produce v. P.K. Produce, Inc.,* Case No. 1:19cv1673 (N.D. Ohio).

---

[3] The docket reflects that Mr. Argie is currently counsel for P.K. Produce, Debra, Sipasak Properties, Magnum Express Trucking, and Strike Zone Lanes in this action. He is also representing himself and his law firm, Argie, D'Amico, and Vitantonio, in this action.  This Court has asked Mr. Argie whether he believes there is a potential conflict of interest in this matter.  (Doc. No. 230.)  Mr. Argie stated that he did not believe there is a conflict of interest and, further, that he did not believe there would be a conflict of interest even if an appeal from a decision of this Court is later taken. None of the counsel for the other parties to this action have expressed any comment or concern regarding this issue.

In February 2019, then-assigned District Judge Solomon Oliver entered a Preliminary Consent Injunction, freezing all of P.K. Produce's assets and preserving them for the sole and exclusive benefit of Plaintiffs. (Doc. No. 21.)  Pursuant to this Order, counsel for P.K. Produce has undertaken collections efforts as to the company's accounts receivables and other monies.   In September 2019, this Court entered an Order that all such funds be consolidated into a single trust account held by Plaintiffs' counsel.  (Doc. No. 77.)  As of the date of this Order a total of $67,126.22 is being held in Plaintiffs' counsel's trust account.  (Doc. No. 234.)

In March 2020, the various groups of Plaintiffs each filed Amended Complaints adding new party defendants 3DLogistics, LLC; Magnum Express Trucking, Inc.; and Strike Zone Lanes, LLC.[4] (Doc. Nos. 97, 104, 105, 106, 108.) Specifically, the docket reflects that there are five Amended Complaints in this action, which assert fifty-four (54) counts against nine (9) Defendants. (*Id*.) Plaintiffs assert various causes of action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq*.; disgorgement claims; state law claims for breach of contract, unjust enrichment, and conversion; and claims for declaratory and/or injunctive relief.   Specifically, these Amended Complaints assert the following claims:

1.  Breach of Contract against P.K. Produce (Doc. No. 97 at Count I; Doc. No. 104 at Count V; Doc. No. 105 at Count I; Doc. No. 106 at Count I; Doc.  No. 108 at Count V);

2.  Enforcement of the PACA Statutory Trust Provisions against all Defendants (Doc. No. 97 at Count IV; Doc. No. 105 at Count III; Doc. No. 106 at Count V; Doc. No. 108 at Count II);

---

[4] In addition, those Plaintiffs who had not originally named the Kasapis Family Irrevocable Intervivos Trust as a defendant did so in their Amended Complaints.

3.      Failure to Account and/or Promptly Pay for Produce against all Defendants (Doc. No. 97 at Count V; Doc. No. 104 at Count III; Doc. No. 105 at Count V; Doc. No. 106 at Count II; Doc. No. 108 at Count IV);

4.      Failure to Maintain PACA Trust Assets and Creation of Common Fund against P.K. Produce (Doc. No. 104 at Count I; Doc. No. 105 at Count IV; Doc. No. 106 at Count IV; Doc. No. 108 at Count III);

5.      Unlawful Retention of PACA Trust Assets, Dissipation, and/or Disgorgement against all Defendants (Doc. No. 97 at Count VIII; Doc. No. 104 at Counts II, VI through X; Doc. No. 105 at Counts VII through XIII; Doc. No. 106 at Count VII; Doc. No. 108 at Counts VII through XII);

6.      Breach of Fiduciary Duty/Non-Dischargeability against Defendants P.K. Produce, Paul Kasapis, and/or Debra Kasapis (Doc. No. 104 at Count IV; Doc. No. 105 at Count VI; Doc. No. 106 at Count VI; Doc. No.  108 at Count VI);

7.      Unjust Enrichment against all Defendants (Doc. No. 97 at Count VII);

8.      Conversion against all Defendants (Doc. No. 97 at Count VI; Doc. No. 104 at Counts VI through X; Doc. No. 108 at Count VII);

9.      Declaratory Relief against all Defendants (Doc. No. 97 at Count IX; Doc. No. 105 at Count II; Doc. No. 106 at Count III; Doc. No. 108 at Count I); and

10.     Claims for Accounts Stated and Open Book Account (Doc. No. 97 at Counts II and III).

Plaintiffs also seek injunctive relief as well as interest, attorney fees, and/or costs.  (Doc. Nos. 97, 104, 105, 106, 108.)

The P.K. Produce Defendants filed Answers and Affirmative Defenses on April 22, 2020. (Doc. Nos. 139-143.)  Defendant Paul Kasapis filed his Answers and Affirmative Defenses on May 1, 2020, and Defendant Kasapis Family Irrevocable Intervivos Trust (hereinafter "The Trust") followed suit on May 6, 2020.  (Doc. Nos. 147, 151.) Defendant 3D Logistics failed to file an Answer or otherwise timely appear, and default was entered against it in May and June 2020.  (Doc. Nos. 149, 166, 168, 171.)

4

None of the Defendants filed Counterclaims. However, in May 2020, Defendants P.K. Produce, Debra Kasapis, and Magnum Express Trucking were granted leave to file a Third-Party Complaint against former P.K. Produce employee, Jeffrey Heestand.  (Doc. No. 154.) Therein, these Defendants/Third-Party Plaintiffs allege that Heestand "is or may be liable to one or more of the Third-Party Plaintiffs for all or part of the claims that are being asserted against them by one or more of the Plaintiffs."  (*Id*. at ¶ 11.)  Specifically, Third-Party Plaintiffs allege that Heestand (1) paid himself compensation and/or alleged business expense reimbursement by forging checks made payable to P.K. Produce; and (2) received and/or transferred vehicles, equipment, and/or personal property of P.K. Produce and/or Magnum Express Trucking.  (*Id*. at ¶¶ 24-32.) Third-Party Plaintiffs assert state law claims against Heestand for conversion and civil theft.  (*Id*. at ¶¶ 27-36.)  Heestand filed an Answer on June 3, 2020.  (Doc. No. 164.)

Meanwhile, Plaintiffs filed a Joint Motion for Entry of Order Determining Validity and Extent of PACA Trust Claims, which Defendants P.K. Produce, Debra Kasapis, Sipasak Properties, LLC, and Paul Kasapis opposed.  (Doc. Nos. 83, 84, 85.)   In October 2020,[5] the Court issued a Memorandum Opinion & Order (hereinafter "PACA Order") in which it granted Plaintiffs' Motion and confirmed the validity and amount of Plaintiffs' PACA trust claims.  (Doc. No. 186.)  In so doing, the Court evaluated and rejected Defendants' arguments that Plaintiffs' PACA claims were invalid because of Plaintiffs' alleged failures to (1) submit valid PACA licenses; (2) provide inspection reports or documentation relating to any adjustments made to invoices; and (3) credit P.K. Produce

---

[5] Plaintiffs' Motion was ripe in November 2019.  However, at the parties' request, this matter was referred for mediation before Magistrate Judge Baughman and counsel specifically asked this Court not to rule on Plaintiffs' Motion until the completion of mediation proceedings. (Doc. No. 162.)  Although the mediation was originally scheduled to occur in January 2020, it was postponed several times and did not take place until July 16, 2020. (Doc. No. 78, 102, 180.) The matter did not settle.  Magistrate Judge Baughman termed the referral for mediation on July 24, 2020.

for certain payments.  (*Id.*)  The Court also rejected Defendants' arguments that certain Plaintiffs' PACA claims were invalid because those Plaintiffs included payment terms greater than the 10-day period set forth in 7 C.F.R. § 46.2(aa)(11).  (*Id.*)  As set forth in that Order, the Court determined that the total value of Plaintiffs' PACA claims (including interest through September 2020) is $1,191,691.54.  (*Id.*)

On October 2, 2020, Plaintiffs filed a Joint Motion for Partial Summary Judgment with respect to their (1) claims for "enforcement of statutory trust provisions" of PACA and disgorgement, as against the P.K. Produce Defendants and Defendant Paul Kasapis; and (2) PACA claims for failure to account and pay promptly as against Defendant Debra Kasapis individually.  (Doc. No. 184.)  The P.K. Produce Defendants and Paul filed separate Briefs in Opposition on January 4, 2021.  (Doc. No. 188, 190.)  In addition, Debra filed a Cross Motion for Partial Summary Judgment regarding Plaintiffs' claim that she is individually liable for the alleged PACA Violations at issue.  (Doc. No. 189.)

On June 2, 2021, this Court issued a Memorandum Opinion & Order (1) granting in part and denying in part Plaintiffs' Joint Motion for Partial Summary Judgment and (2) denying Debra's Cross Motion for Partial Summary Judgment (hereinafter "Summary Judgment Order").  (Doc. No. 195.) Therein, the Court first addressed Plaintiffs' motion with respect to their claims for Enforcement of PACA Trust claims and found that Plaintiffs "have valid and perfected PACA trust claims in the amount set forth in [the PACA Order] and are, therefore, entitled to enforce the statutory trust provisions of the PACA with respect thereto." (*Id.* at p. 14.)  Notably, however, the Court did not enter judgment in Plaintiffs' favor with respect to these claims because Plaintiffs had failed to clearly

6

identify the specific counts in their various Amended Complaints on which they were moving. (*Id.* at pp. 13-14.)

The Court then addressed Plaintiffs' request for judgment in their favor with respect to certain of their disgorgement claims. (*Id.* at pp. 14-40.) Specifically, the Court granted summary judgment in Plaintiffs' favor on their disgorgement claims against the following Defendants: (1) Debra Kasapis in the amount of $131,221.10; (2) Paul Kasapis in the amount of $31,659; (3) Sipasak Properties in the amount of $10,350; (4) Magnum Express Trucking in the amount of $58, 245.50; (5) Strike Zone Lanes in the amount of $2,893.04; (6) George Argie and the law firm of Argie, D'Amico & Vitantonio in the amount of $14, 623.25; and (7) P.K. Produce in the amount of $67,083.23. (*Id.* at pp. 14-40.) The Court, however, denied summary judgment in Plaintiffs' favor with respect to their disgorgement claims against Paul Kasapis for $70,271, as well as their disgorgement claims against Strike Zone Lanes for $1,025.[6] (*Id.* at pp. 22-26, 34-35.) With regard to the denial of summary judgment as to Plaintiffs' disgorgement claim against Paul Kasapis for $70,271, the Court agreed with Plaintiffs that the PACA Trust was dissipated by the $70,271 payment at issue[7] but found that there was a genuine

---

[6] The Court also rejected any purported disgorgement claim by Plaintiffs against Debra with respect to six electronic transfers in the amount of $3,775.00 that were allegedly made from Magnum Trucking's bank account to Debra's account between August 2018 and August 2019. (*Id.* at pp. 31-32.) The Court found that Plaintiffs had failed to sufficiently seek summary judgment on this claim in their Motion and deemed it waived. (*Id.*)

[7] As noted in this Court's June 2, 2021 Opinion, the facts relevant to this payment are as follows. In December 2018, Debra authorized an electronic withdrawal to Ahola payroll services in the amount of $70, 271. (Doc. No. 175-1 at Tr. 114-115.) It is undisputed that this money was then deposited into Paul and Debra's joint checking account. At the time of this payment, Paul had already transferred his entire interest in P.K. Produce to Debra and was in federal prison. In support of his opposition to Plaintiffs' Motion for Summary Judgment, Paul submitted an Affidavit in which he averred that he had no knowledge of this electronic withdrawal and did not know about it until months after his release from prison. (Doc. No. 190-1.) Paul also averred that Debra immediately withdrew this sum from the joint account and that he never had access to, used, or directed the use of this money. (*Id.*) Debra, on the other hand, averred that she was directed by Paul to make this payment to him and that she did so. (Doc. No. 188-2.)

issue of material fact as to whether Paul (as opposed to Debra) is required to disgorge these funds. (*Id*. at pp. 22-26.)

Lastly, the Court granted summary judgment in Plaintiffs' favor and denied summary judgment in Debra's favor with respect to Plaintiffs' claims[8] that Debra is individually liable under PACA, at least with respect to Plaintiffs' claims based on sales occurring after Debra assumed sole ownership of P.K. Produce on June 19, 2018.[9] (*Id*. at pp. 40-49.)

After the conclusion of a second round of extended mediation proceedings that were ultimately unsuccessful, the Court conducted a status conference on January 31, 2022. (Doc. No. 230.) At that time, the Court set a Final Pretrial Conference for August 18, 2022 and a Bench Trial for September 19, 2022. (Doc. No. 231.)

On February 25, 2022, Plaintiffs filed a Motion to Modify the Preliminary Injunction and for Authorization to Disburse PACA Trust Funds. (Doc. No. 234.) Therein, Plaintiffs ask this Court to modify the February 2019 Preliminary Injunction Order (Doc. No. 21) to allow for the disbursement of the $67,126.22 in PACA Trust funds that are currently being held in the attorney trust account held

---

[8] With respect to their secondary liability claims against Debra, Plaintiffs did not identify the specific counts on which they were moving but stated in their summary judgment motion that they were moving for judgment "for violation of the PACA for Failure to Account and Pay Promptly Amounts due to the PACA claimants by Debra, as a person in the position to control the PACA trust assets of Defendant P.K. Produce." (Doc. No. 184 at p 2.) In the Amended Complaints, some (but not all) of the Plaintiffs assert separate claims for Failure to Account and Pay Promptly against Debra. *See* Doc. No. 97 at Count V; Doc. No. 104 at Count III. Plaintiffs did not expressly move for summary judgment with respect to any other specific claims in the Amended Complaint stemming from her alleged individual liability.

[9] In its Opinion, the Court stated as follows: "The Court notes that Debra assumed sole ownership of P.K. Produce on June 19, 2018. (Doc. No. 184-16 at PageID# 3429.) Two of the plaintiffs in the instant action assert claims based on sales occurring prior to that date. *See* Plaintiff B&D Produce Sales LLC's Amended Complaint (Doc. No. 108 at ¶ 8) (asserting claims based on sales occurring between January 2018 and October 2018); Midwest Best's Amended Complaint (Doc. No. 104 at ¶ 16) (asserting claims based on sales occurring between June 12, 2018 through June 22, 2018). Debra does not argue that she is not personally liable for sales occurring prior to the date on which she assumed sole ownership. Therefore, the Court does not address this issue herein." (*Id*. at fn 25.) Accordingly, individual liability claims against Debra based on transactions occurring prior to June 19, 2018 remain pending for trial.

by Plaintiffs' counsel.  (Doc. No. 234.)  Plaintiffs ask the Court to allow distribution of such funds to Plaintiffs on a *pro rata* basis at this time, in light of the Court's October 2020 decision confirming the amount and validity of Plaintiffs' PACA Trust claims.  (*Id*.)   No opposition was filed.

On March 3, 2022, Plaintiffs filed a Motion for Fed. R. Civ. P. 54(b) Determination and Entry of Final Judgment with respect to their claims against the P.K. Produce Defendants. (Doc. No. 235.) The P.K. Produce Defendants filed a Brief in Opposition on April 1, 2022, to which Plaintiffs replied on April 13, 2022.  (Doc. Nos. 237, 238.)

## II.    Analysis

### A.    Plaintiffs' Motion for Fed. R. Civ. P. 54(b) Determination and Entry of Final Judgment against Certain Defendants (Doc. No. 235)

Plaintiffs argue that this Court should enter a final judgment against the P.K. Produce Defendants under Fed. R. Civ. P. 54(b) because the Court "completely adjudicated" certain claims against these Defendants in its PACA Order and Summary Judgment Order and there is no just reason for delay in entering judgment with respect to those claims.  (Doc. No. 235.)  The P.K. Produce Defendants oppose the entry of final judgment at this time on the grounds that "the entry of a piecemeal final judgment at this stage brings with it a realistic danger of piecemeal or duplicative appeals." (Doc. No. 237.)

Fed. R. Civ. P. 54(b) provides, in pertinent part, that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  The Sixth Circuit has held that Rule 54(b) certification requires a two-part analysis. *Gen. Acquisition, Inc. v. GenCorp., Inc*., 23 F.3d 1022, 1026 (6th Cir. 1994).  *See also S2*

*Yachts, Inc. v. ERH Marine Corp.*, 855 Fed. Appx. 273, 275 (6th Cir. 2021).  "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Gen. Acquisition, Inc.*, 23 F.3d at 1026.  This prong is satisfied "where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *Id.* at 1026-27.

"Second, the district court must expressly determine that there is no just reason to delay appellate review." *Id.* at 1026 (internal citations omitted). The second prong requires courts to "balance the needs of the parties against the interests of efficient case management." *Id.* at 1027.  As the Supreme Court has explained, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).  "Courts implementing Rule 54(b) must 'strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" *Gen. Acquisition*, 23 F.3d at 1026 (quoting Wright, Miller & Kane § 2654.)  In evaluating this prong, the district court must "do more than just recite the 54(b) formula of 'no just reason for delay'" and, instead, must clearly explain why it has concluded that immediate review of the challenged ruling is desirable.  *See Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61-62 (6th Cir. 1986); *Gen. Acquisition, Inc.*, 23 F.3d at 1026; *Carpenter v. Liberty Ins. Corp.*, 850 Fed. Appx. 351, 353 (6th Cir. 2021).

Rule 54(b) "relaxes the traditional finality requirement for appellate review" but it does not "tolerate immediate appeal of every action taken by a district court." *Gen. Acquisition, Inc.,* 23 F.3d at 1026.  Rather, Rule 54(b) certification is reserved for "infrequent harsh cases." *Id.* at 1027.  *See*

10

*also Solomon*, 782 F.2d at 60; *S2 Yachts, Inc.*, 855 Fed. Appx. at 274-275.  It is "not to be used routinely . . . or as a courtesy or accommodation to counsel." *Corrosioneering, Inc. v. Thyssen Envt'l. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (internal citations omitted).

The Court will address each prong separately, below.

### 1.     Final Judgment as to a Claim or Party

As noted above, the Court must first determine whether its PACA Order and Summary Judgment Order "ultimately dispose[] of one or more but fewer than all of the claims or parties in a multi-party claim/multi-party action." *Gen. Acquisition, Inc*., 23 F.3d at 1026.  Addressing this requirement, the Supreme Court has explained:

> A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'

*Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). In this context, the term "claim" is a term of art.  *See In re Fifth Third Early Access Cash Advance Litigation*, 925 F.3d 265, 273 (6th Cir. 2019).  In the Sixth Circuit, "[a] 'claim' under Rule 54(b) 'denotes the aggregate of operative facts which give rise to a right enforceable in the courts' even if the party has raised different theories of relief." *GenCorp., Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004 (quoting *Gen. Acquisitions*, 23 F.3d at 1028.  This is known as the "operative facts" test. *S2 Yachts, Inc.*, 855 Fed. Appx. at 275 (quoting *Planned Parenthood SW Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)).  Under this test, when causes of action share "a single 'aggregate of operative facts,'" they are "considered a single 'claim' under Rule 54(b)).  *Id.* (quoting *Gen. Acquisitions*, 23 F.3d at 1028.  *See also Novia Communications, LLC v. Weatherby,* 798 Fed. Appx. 890, 893 (6th Cir. 2020).

11

Thus, for a district court to issue a final judgment on a claim, the yet-to-be adjudicated claim(s) must "not arise from the same set of operative facts as the" adjudicated claim(s). *EJS Props. LLC v. City of Toledo*, 689 F.3d 535, 538 (6th Cir. 2012).  *See also Novia Communications, LLC*, 798 Fed. Appx. at 893.  In applying this test, the Sixth Circuit "examine[s] the causes of action as pleaded in the complaint and consider[s] whether they 'seek to recover for the same underlying injury.'" *In re Fifth Third Early Access Cash Advance Litigation*, 925 F.3d at 273 (quoting *Lowery v. Fed. Expr. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005)).

Here, Plaintiffs argue (summarily) that the Court's PACA Order and Summary Judgment Order "fully adjudicated" all of their claims against the P.K. Produce Defendants, "leaving for trial only some of the claims" against Defendants Paul Kasapis and The Kasapis Family Irrevocable Intervivos Trust (hereinafter "the Trust"), as well as the third-party claims against Heestand.  (Doc. No. 235 at pp. 9-10.)  In the section of their Motion addressing this prong of the Rule 54(b) test, Plaintiffs do not identify or discuss the specific claims against the P.K. Produce Defendants that they believe have been "fully adjudicated" by this Court's prior Orders.  (*Id.*)  At the very conclusion of their Motion, however, Plaintiffs list a series of Counts from the various Amended Complaints in this action on which they seek entry of "Final Judgment."[10]  (*Id.* at pp. 14-18.)  These Counts include Plaintiffs' various PACA claims against the P.K. Produce Defendants, as well as their state law breach of contract claims against Defendant P.K. Produce.  (*Id.*)  The P.K. Produce Defendants do not address the first prong of the Rule 54(b) test in their Brief in Opposition.  (Doc. No. 237.)  Neither

---

[10] Plaintiffs seek certification under Rule 54(b) as to (1) twenty-seven (27) claims against P.K. Produce; (2) seventeen (17) claims against Debra; (3) five (5) claims against Sipasak Properties; (4) five (5) claims against Magnum Express Trucking; (5) five (5) claims against Strike Zone Lanes; and (6) one (1) claim against Mr. Argie and Argie, D'Amico & Vitantonio.  (Doc. No. 235 at pp. 14-18.)  Thus, Plaintiffs seek entry of final judgment with respect to sixty (60) claims and against seven (7) defendants.

12

party acknowledges the Sixth Circuit's "operative facts" test or applies that test to the claims on which Plaintiffs now seek entry of final judgment.

The Court first finds that Plaintiffs have failed to satisfy the first prong of the Rule 54(b) test with respect to Defendant P.K. Produce.  Plaintiffs seek to certify as "final judgments" a total of twenty-seven (27) claims against P.K. Produce for breach of contract, "accounts stated," "open book account," enforcement of the statutory trust provisions of PACA, PACA violations for failure to account and pay promptly, failure to maintain PACA Trust, dissipation of PACA Trust assets, breach of fiduciary duty/non-dischargeability, and declaratory relief validating PACA Trust claim.  (Doc. No. 235 at pp. 14-15.)  Plaintiffs seek entry of final judgment against P.K. Produce with respect to these claims in the total principal amount of $1,191,691.54, plus additional accrued interest from September 30, 2020 through the date of Judgment.  (*Id*. at p. 15.)

However, the only specific claims against P.K. Produce on which this Court granted judgment in Plaintiffs' favor were Plaintiffs' disgorgement claims against P.K. Produce in the amount of $67,083.23.  (Doc. No. 195 at pp. 39-40.)  While the Court did find that Plaintiffs have valid and perfected PACA Trust claims and are entitled to enforce the statutory trust provisions of PACA, the Court did not grant summary judgment in Plaintiffs' favor as to any specific counts or claims because Plaintiffs failed to clearly identify the specific counts on which they were moving.  (*Id*. at pp. 13-14.)  Thus, with the exception of Plaintiffs' disgorgement claims, this Court has not granted "judgment" as to any of the other claims/counts against P.K. Produce identified in Plaintiffs' Rule 54(b) Motion.

Plaintiffs appear to assert that, reading the PACA Order and Summary Judgment Order in combination, this Court has effectively granted judgment in their favor with respect to Plaintiffs'

13

various PACA claims against P.K. Produce.[11]  Even assuming *arguendo* that this were the case, Plaintiffs have not demonstrated that this Court granted judgment in their favor with respect to any of the Plaintiffs' state law breach of contract claims against this Defendant.  Plaintiffs did not move for, and this Court did not grant, summary judgment in their favor with respect to any of these specific state law claims.  (Doc. No. 184, 195.)  Thus, at a minimum, Plaintiffs' breach of contract claims against P.K. Produce are "unadjudicated claims" for purposes of Rule 54(b).

The Court further finds that Plaintiffs' unadjudicated breach of contract claims arise from the same set of operative facts as the adjudicated disgorgement claims, as well as Plaintiffs' purportedly "adjudicated" PACA claims against P.K. Produce.  Specifically, the Court concludes that Plaintiffs' unadjudicated breach of contract claims against P.K. Produce arise from the same alleged acts or omissions (and seek to recover damages that stem from the same injuries) as their adjudicated PACA claims against P.K. Produce.  Accordingly, the Court finds that Plaintiffs have failed to demonstrate

---

[11] In a previously filed Status Report, Plaintiffs acknowledged that this Court did not enter judgment against P.K. Produce with respect to their claims for Enforcement of the PACA Trust due to Plaintiffs' failure to identify the specific counts on which they were seeking judgment, but state that "the Court did make its findings of fact as to why the entry of Judgment would be appropriate against P.K. Produce." (Doc. No. 226 at p. 3.) Plaintiffs then indicated that, in their forthcoming Rule 54(b) motion, they would identify each of the claims on which judgment against P.K. Produce is sought and assert that "[n]o further findings of fact by the Court are necessary for entry of this Judgment." (*Id*.)  As an initial matter, none of this is made clear in Plaintiffs' Motion. In other words, in their Rule 54(b) motion, Plaintiffs do not acknowledge or address the fact that this Court did not, in fact, grant summary judgment in Plaintiffs' favor as to their claims for Enforcement of the PACA Trust. Nor do they cite any authority for the proposition that, under these circumstances, it would nonetheless be appropriate for the Court to direct the entry of final judgment under Rule 54(b) as to *all* of their pending claims against this Defendant.  Indeed, even if the Court were to accept Plaintiffs' argument that judgment was effectively granted on Plaintiffs' claims for Enforcement of the PACA Trust, Plaintiffs do not explain why they believe this Court has granted (or should grant) judgment in their favor with respect to any of their other separately pleaded PACA claims against P.K. Produce, i.e., their claims for breach of contract, "account stated," "open book account," Failure to Account and Pay Promptly, and Dissipation of Trust Assets.  Rather, Plaintiffs appear to treat their Rule 54(b) motion as a second attempt to obtain summary judgment in their favor with respect to a host of separately pleaded claims that were neither raised nor discussed in their initial summary judgment briefing.  Plaintiffs cite no authority that it is appropriate for them to do so.

14

that Rule 54(b) certification is appropriate with respect to Plaintiffs' various PACA claims against Defendant P.K. Produce.

Having so found, the Court further finds that Plaintiffs have failed to show that Rule 54(b) certification is appropriate with respect to Plaintiffs' claims against Debra.  Plaintiffs seek to certify as "final judgments" a total of seventeen (17) claims against Debra for disgorgement, enforcement of the statutory provisions of PACA, failure to account and pay promptly under PACA, dissipation of trust assets, breach of fiduciary duty/nondischargeability, conversion and unlawful retention of PACA trust assets, and declaratory relief.  (Doc. No. 235 at pp. 15-16.)  Plaintiffs seek entry of final judgment against Debra (1) in the amount of $131,221.10 with respect to their disgorgement claims, and (2) in the total principal amount of $1,191,691.54 (plus additional accrued interest from September 30, 2020 through the date of Judgment) with respect to their remaining claims against Debra.  (*Id.*)

With regard to Plaintiffs' non-disgorgement PACA claims against Debra, Plaintiffs assert that they are entitled to the entry of final judgment under Rule 54(b) because this Court granted summary judgment in Plaintiffs' favor on their individual liability claims against Debra.  As an initial matter, the Court notes that Plaintiffs only expressly moved for summary judgment with respect to Debra's individual liability in connection with their claims against Debra for "violation of the PACA for Failure to Account and Pay Promptly Amounts Due." (Doc. No. 184 at p. 2.)  Plaintiffs did not move for (and therefore this Court did not grant) summary judgment in Plaintiffs' favor with respect to Plaintiffs' separately pleaded claims against Debra for enforcement of the statutory trust provision, conversion, declaratory relief, etc.  Once again, then, Plaintiffs are attempting via their Rule 54(b)

15

Motion to obtain judgment in their favor regarding claims that they failed to clearly raise in their summary judgment motion.

However, even assuming *arguendo* that this Court's Summary Judgment Order could be construed as granting judgment in Plaintiffs' favor with respect to the above claims, Plaintiffs have not sufficiently argued or demonstrated that their adjudicated, individual liability PACA claims against Debra are distinct from the unadjudicated claims in this action.  To the contrary, the Court finds that Plaintiffs' individual liability PACA claims against Debra arise from the same set of operative facts as Plaintiffs' unadjudicated breach of contract claims against P.K. Produce and unadjudicated individual liability claims against defendant Paul Kasapis.  The scope of Debra's personal liability for P.K. Produce's failure to pay for Plaintiffs' produce is necessarily contingent upon (and dependent on the same facts and evidence relating to) P.K. Produce's alleged breaches of contract. Moreover, in both sets of claims, Plaintiffs seek to recover for the same underlying injury. Likewise, the Court finds that Plaintiffs' individual liability claims against Paul and Debra share a single, aggregate of operative facts and seek to recover for the same underlying injury.  *See In re Fifth Third Early Access Cash Advance Litigation*, 925 F.3d at 273 ("In applying [the operative facts] test, we examine the causes of action as pleaded in the complaint and consider whether they seek to recover for the same underlying injury.")

With regard to Plaintiffs' disgorgement claims against Debra, the Court finds as follows.  In its Summary Judgment Order, this Court granted judgment in Plaintiffs' favor with respect to their disgorgement claims against Debra for $131,221.10 in various checks, cash withdrawals, and online transfers from the P.K. Produce Account between June and December 2018.  (Doc. No. 195 at pp. 15-21.)  The Court notes, however, that Plaintiffs also argued that Debra is "jointly and severally

16

liable" with respect to Plaintiffs' disgorgement claim against Paul for a $70,271 payment to Ahola payroll services in December 2018.  (Doc. No. 193 at p. 9; Doc. No. 195 at p. 22.)  The Court found that Plaintiffs were not entitled to summary judgment with respect to this particular disgorgement claim because there was a genuine issue of material fact regarding whether Paul (as opposed to Debra) received, held, or took this payment.  (Doc. No. 195 at pp. 24-26.)  The Court refused to consider Plaintiffs' argument that Debra is jointly and severally liable with respect to this disgorgement claim because it was raised for the first time in Plaintiffs' Reply Brief and, therefore, waived.  (*Id.* at pp. 23-34.)

Thus, Plaintiffs' disgorgement claims against Paul for this $70,271 payment remain "unadjudicated," as do Plaintiffs' claims that Debra should also be required to disgorge this same sum under a theory of joint and several liability.  It is therefore unclear that this Court has, in fact, "fully adjudicated" Plaintiffs' disgorgement claims against Debra, as Plaintiffs appear to have a pending disgorgement claim against Debra with respect to the $70,271 payment noted above.[12]  Under these circumstances, the Court is not persuaded that it should enter final judgment under Rule 54(b) on the five counts in Plaintiffs' respective Amended Complaints asserting disgorgement claims against Debra.

This leaves Plaintiffs' request for entry of final judgment with respect to their disgorgement claims against Defendants Sipasak Properties, Magnum Express Trucking, Strike Zones Lanes, George Argie, and the law firm of Argie, D'Amico & Vitantonio.  In its Summary Judgment Order, the Court granted judgment in Plaintiffs' favor on disgorgement claims against these Defendants as

---

[12] Neither Plaintiffs nor the P.K Produce Defendants address this issue in their briefing.

follows: (1) Sipasak Properties in the amount of $10,350; (2) Magnum Express Trucking in the amount of $58, 245.50; (3) Strike Zone Lanes in the amount of $2,893.04; (4) George Argie and the law firm of Argie, D'Amico & Vitantonio in the amount of $14,623.25. (Doc. No. 195.)  In the absence of any meaningful argument to the contrary, the Court agrees that these claims may constitute distinct claims for purposes of Rule 54(b).  However, even assuming *arguendo* that this is the case, the Court finds that entry of final judgment is not appropriate because (as discussed below) the balance of factors weighs against a finding that there is no just reason for delay.

## 2.     No Just Reason for Delay

Under the second prong of the Rule 54(b) analysis, the district court must determine whether there is no just reason to delay appellate review.  *Gen. Acquisition, Inc.*, 23 F.3d at 1026.  In evaluating this issue, district courts must "balance the needs of the parties against the interests of efficient case management."  *Id.* at 1027.  The Sixth Circuit has articulated the following non-exhaustive list of factors which district courts should consider when making a Rule 54(b) determination:

> (1) [T]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering*, 807 F.2d at 1283.  *See also S2 Yachts, Inc.*, 855 Fed. Appx. at 276; *Carpenter*, 850 Fed. Appx. at 355.  "Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)."  *Corrosioneering*, 807 F.2d at 1283.

The Court will address each factor separately, below.

18

### a.  Relationship between adjudicated and unadjudicated claims

The Court finds that the first factor weighs against certification because there is a close relationship between the adjudicated and unadjudicated claims.  To recap, the unadjudicated claims in this action consist (at a minimum) of: (1) Plaintiffs' breach of contract claims against P.K. Produce; (2) Plaintiffs' individual liability claims against Paul; (3) Plaintiffs' disgorgement claims against Paul (and potentially Debra) for the $70,271 payment; (4) Plaintiffs' disgorgement claims against The Trust; and (5) Third-Party Plaintiffs' conversion and civil theft charges against Jeffrey Heestand. There is a great deal of factual overlap between these unadjudicated claims and Plaintiffs' adjudicated individual liability claims against Debra and disgorgement claims against P.K. Produce, Sipasak Properties, Magnum Express, Strike Zone Lanes, and Mr. Argie and his law firm.  For example, the evidence and witnesses regarding Debra's individual liability for P.K. Produce's PACA debt will likely overlap to a significant extent with the evidence and witnesses regarding Paul's individual liability for that same debt.  On balance, the Court finds that the relationship between the adjudicated and unadjudicated claims is significant and, therefore, the first factor weighs against an immediate appeal.  *See, e.g., Harris v. Sowers*, 2022 WL 2118931 at * 4 (S.D. Ohio June 13, 2022) (denying certification under Rule 54(b) where there was a "substantial overlap between the evidence and witnesses surrounding [Plaintiff's] claims"); *Lemke v. Bullinger*, 2022 WL 743501 at * 2 (N.D. Ohio March 11, 2022) (finding first factor weighed against Rule 54(b) certification because "[t]he adjudicated and non-adjudicated claims are closely related, as they arise from the same factual circumstances and pursue the same legal theories."); *Scott Hutchinson Enterprises v. Sheldon, Inc*., 2005 WL 8162547 at * 2 (S.D. Ohio Nov. 1, 2005) (denying Rule 54(b) certification where the adjudicated and unadjudicated claims were "inextricably intertwined").

19

     **b.**     **The Possibility that the Need for Review Might or Might Not be Mooted by Future Developments in the District Court**

As to the second factor, Plaintiffs argue that this Court has already determined that "P.K. Produce breached its fiduciary duties under PACA" and that Plaintiffs have perfected and have valid PACA Trust claims and, therefore, "how this Court rules on the unadjudicated claims against Paul and the Trust will not moot an appeal of the Court's rulings contained in the PACA Order and Summary Judgment Order." (Doc. No. 235 at p. 12.)  The P.K. Produce Defendants do not address this argument in their Brief in Opposition.  (Doc. No. 237.)

The Court finds the second factor weighs in favor of certification.  After full briefing from the parties, the Court determined that Plaintiffs have perfected and have valid PACA Trust claims against P.K. Produce in the amount set forth in the PACA Order.  Further, while it did not formally enter judgment on this issue, the Court found in its Summary Judgment Order that P.K. Produce dissipated Trust assets and that Plaintiffs are entitled to enforce the statutory trust provisions of PACA with respect thereto.  These issues, therefore, have been decided and Defendants will not be permitted to revisit or otherwise reargue these issues during the upcoming bench trial.  *See Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC*, 2016 WL 5387624 at * 2 (D. Idaho Sept. 24, 2016) (noting that court had already determined in previous rulings that plaintiffs' "PACA notices were sufficient and that a valid PACA trust was established" and, therefore, the defendants would not be permitted to "plow this same ground in the trial").  Accordingly, and in the absence of any meaningful argument to the contrary, the Court finds that this factor weighs in favor of certification.

     **c.**     **The Possibility that the Reviewing Court might be Obliged to Consider the Same Issue a Second Time**

As to the third factor, Plaintiffs argue that the adjudicated claims are separate from the claims remaining for trial and the trial of the unadjudicated claims will have "no effect upon the results of the adjudicated claims against the" P.K. Produce Defendants.  (Doc. No. 235 at p. 12.)  Plaintiffs further assert that "no realistic chance exists that the Sixth Circuit would have to again revisit the validity and amount of the [Plaintiffs'] PACA trust claims, P.K. Produce's breach of fiduciary duties under the PACA Trust, or the [adjudicated] disgorgement claims."  (*Id*.)

The P.K. Produce Defendants disagree.  (Doc. No. 237 at pp. 2-3.)  Defendants assert that the imposition of liability against Paul and the Trust is dependent on (1) this Court's findings regarding the validity and amount of the Plaintiffs' PACA Trust claims, and (2) this Court's ruling that P.K. Produce dissipated trust assets.  (*Id*.)  Thus, the P.K. Produce Defendants argue that, "if the Court issues a final order in regards to the [adjudicated] claims against the [P.K. Produce Defendants], and if the [P.K. Produce Defendants] appeal these two fundamental issues, and if liability is thereafter imposed on Paul and/or the Trust, then either or both would have a right to appeal the very same issues, since those two issues are admittedly foundational to a finding of liability against them."  (*Id*.)  Therefore, these Defendants argue that "there is a real possibility" that the Sixth Circuit would have to consider the same issues a second time.  (*Id*.)

In their Reply Brief, Plaintiffs admit there is "a possibility that the United States Court of Appeals for the Sixth Circuit may have to consider the Adjudicated P.K. Produce Claims twice." (Doc. No. 238 at p. 4.)

The Court finds this factor weighs heavily against certification.  As Plaintiffs themselves ultimately acknowledge, there is a real possibility that the Sixth Circuit might have to consider the same issues (i.e., this Court's findings regarding the validity and amount of Plaintiffs' PACA Trust

Claims and/or its findings regarding P.K. Produce's dissipation of trust assets) a second time, in the event Paul and/or the Trust are found liable during the upcoming bench trial and file an appeal. Additionally, this Court has already found (in connection with the first factor) that there is a close relationship between the adjudicated and unadjudicated claims. As the Sixth Circuit has explained, "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal." *Lowery*, 426 F.3d at 823. *See also Harris*, 2022 WL 2118931 at * 4. Thus, this factor weighs heavily against an immediate appeal.

### d.    The Presence or Absence of a Claim or Counterclaim which could result in a Set-Off against the Judgment sought to be made Final

As to the fourth factor, Plaintiffs argue that this factor weighs in favor of certification because, even though there are unadjudicated third-party claims for conversion and civil theft against Heestand, Third-Party Plaintiffs P.K. Produce, Debra, and Magnum Trucking do not seek contribution or indemnification for the Plaintiffs' claims. (Doc. No. 235 at p. 13.) Therefore, Plaintiffs maintain, whether the Third-Party Plaintiffs are successful on their claims against Heestand "will have no effect upon the PACA Order or the Summary Judgment Order." (*Id*.) The P.K. Produce Defendants do not address this argument in their Brief in Opposition. In the absence of any meaningful argument to the contrary, the Court finds that the fourth factor weighs in favor of certification.

### e.    Miscellaneous Factors

Finally, Plaintiffs argue that the fifth factor weighs heavily in favor of certification. This factor involves the consideration of miscellaneous concerns "such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

22

*Gen. Acquisitions, Inc*, 23 F.3d at 1030.  Plaintiffs argue that this factor weighs in favor of an immediate appeal because "this case has been pending for over three years, and many of the unpaid transactions . . . . have been outstanding for more than four years." (Doc. No. 235 at p. 13.) Plaintiffs emphasize that Congress created PACA to ensure prompt payment to unpaid PACA trust beneficiaries and argue that an immediate appeal of the adjudicated claims would further this goal. (*Id*.) Lastly, Plaintiffs argue that they have suffered significant hardship and that delaying a final judgment against the P.K. Produce Defendants "in this over three-year old case will only continue to exacerbate that hardship." (Doc. No. 238 at p. 4.)

Noting that the bench trial in this matter is imminent and set to take place in just over two months, the P.K. Produce Defendants argue that "there is no sensible reason to piece the case out at this stage, especially considering the very realistic possibility of piecemeal appeals going forward regarding the foundational issues in the case." (Doc. No. 237 at p. 3.)

Upon careful consideration, the Court finds that the fifth factor weighs against certification. The Court understands Plaintiffs' concerns and is sensitive to their frustration with the protracted proceedings necessary to resolve this complex action. However, as discussed above, Plaintiffs' adjudicated and unadjudicated claims remain too closely related to split into piecemeal appeals.  The bench trial in this matter is set to begin on September 19, 2022, just over two months away.  The Court finds it would make little sense, at this juncture, to certify final judgment on the adjudicated claims. *See Freeman v. Collins*, 2012 WL 4009531 at *3 (S.D. Ohio Sept. 12, 2012) (denying certification where case was "quickly approaching resolution").  This is particularly the case given the very realistic chance that the Sixth Circuit would be asked to consider the same issues in two separate appeals. *See QSI-Fostoria DC, LLC v. Gen. Elec. Capital Bus. Asset Funding Corp*., 2008

23

WL 163605 at * 7 (N.D. Ohio Jan. 16, 2008) (noting that "as a matter of judicial efficiency and convenience it would be more practical if all claims arising out of this case were resolved here and then considered only once in the appellate court.")[13]

### f.    Conclusion

In sum, the Court finds that, when weighed collectively, consideration of the five factors overall weighs against certification.   As noted above, Rule 54(b) certification is "not to be used routinely" and is reserved for "infrequent harsh cases." *Gen. Acquisitions, Inc.,* 23 F.3d at 1027.  *See also Solomon*, 782 F.2d at 60; *S2 Yachts, Inc.*, 855 Fed. Appx. at 274-275; *Corrosioneering, Inc.*, 807 F.2d at 1282 (6th Cir. 1986).   The Court finds that the instant matter is not "the infrequent harsh case in which final certification should be granted." *Solomon*, 782 F.2d at 62.   Accordingly, Plaintiffs' Motion for Fed. R. Civ. P. 54(b) Determination and Entry of Final Judgment against Certain Defendants (Doc. No. 235) is denied.

### B.    Plaintiffs' Motion to Modify Preliminary Injunction (Doc. No. 234)

---

[13] In arguing that certification is warranted, Plaintiffs rely heavily on *Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC*, 2016 WL 5387624 (D. Idaho Sept. 24, 2016).  In that case, the plaintiff sought certification under Rule 54(b) of its claims against defendant Taylor Produce declaring that plaintiff has a valid PACA Trust against that defendant in the amount of $1, 327, 478.16.  The district court granted the motion, finding that the factors applied in the Ninth Circuit weighed in favor of certification. In particular, the district court found certification was warranted because the remaining issues for trial in that case were "completely separate from the PACA Trust issues," and because plaintiff would suffer financial harm through further delay.  *Id.* at * 3. The Court finds the instant case to be distinguishable in several important respects. First and foremost, unlike *Jacobs Silver K Farms, supra*, the adjudicated and unadjudicated claims herein are not "completely separate" but are, in fact, closely related for all the reasons stated above.  In this regard, the Court notes that the instant case involves competing individual liability claims against Paul and Debra, one of which is adjudicated and one of which is not. The district court in *Jacobs Silver K Farms* was not confronted with such interrelated claims. Moreover, the Court notes that the district court in *Jacobs Silver K Farms* applied the test for Rule 54(b) certification used by the Ninth Circuit, which is somewhat different from the test used by the Sixth Circuit.  In any event, the unreported decision in *Jacobs Silver K Farms* in not binding on this Court. Upon careful consideration of the five factors in the context of the very specific circumstances at issue herein, the Court finds that certification under Rule 54(b) is not warranted.

Plaintiffs also ask this Court to modify the Preliminary Injunction Order to allow for the disbursement of the $67,126.22 in PACA Trust Assets currently being held in escrow pursuant to that Order.  (Doc. No. 234.)  Plaintiffs argue that there "can be no doubt" that the funds in this account are PACA Trust Assets and that Plaintiffs are the rightful and lawful owner of those funds.  (*Id*. at p. 4.)  Plaintiffs seek authority to disburse the funds to the Plaintiffs on a *pro rata* basis based upon the amount of their claims as determined by the Court in its PACA Order.  (*Id*.)

Plaintiffs' Motion is denied.  As discussed above, the P.K. Produce Defendants contest this Court's rulings regarding the validity and amount of Plaintiffs' PACA Trust claims, arguing that they are "foundational to a finding of liability" and subject to appeal. (Doc. No. 237 at pp. 2-3.) Accordingly, and in light of this Court's denial of Plaintiffs' Rule 54(b) Motion, the Court will not authorize the disbursement of the funds currently being held in escrow at this time.  Plaintiffs may renew their Motion once all the remaining claims in this matter have been resolved.

Plaintiffs' Motion to Modify Preliminary Injunction Order (Doc. No. 234) is, therefore, denied.

### III.    Conclusion

In sum, Plaintiffs ask this Court to enter final judgment as to sixty (60) claims against seven (7) defendants, despite the fact that the majority of these claims were not expressly raised in Plaintiffs' Motion for Summary Judgment and, therefore, were not adjudicated by this Court.   Plaintiffs do not acknowledge or address this in either of their pending Motions.  Nor do they otherwise cite any authority for the proposition that entering final judgment as to such unadjudicated claims would nonetheless be appropriate under Fed. R. Civ. P. 54(b). Therefore, and for all the reasons set forth above, Plaintiffs' Motion for Fed. R. Civ. P. 54(b) Determination and Entry of Final Judgment against

25

Certain Defendants (Doc. No. 235) is DENIED.  Plaintiffs' Motion to Modify Preliminary Injunction (Doc. No. 234) is also DENIED.

In anticipation of the Final Pretrial Conference and Bench Trial set in this matter, the Court orders the Plaintiffs and Third-Party Plaintiffs to submit briefing setting forth (1) the legal elements of each of their remaining claims in this action; and (2) the legal and/or equitable damages available for each such claim. The parties' briefing shall be fully supported by citation to relevant legal authority.  For purposes of clarity, the remaining claims in this action are as follows:

1. Breach of Contract against P.K. Produce (Doc. No. 97 at Count I; Doc. No. 104 at Count V; Doc. No. 105 at Count I; Doc. No. 106 at Count I; Doc.  No. 108 at Count V);

2. Enforcement of the PACA Statutory Trust Provisions against all Defendants (Doc. No. 97 at Count IV; Doc. No. 105 at Count III; Doc. No. 106 at Count V; Doc. No. 108 at Count II);

3. Failure to Account and/or Promptly Pay for Produce against all Defendants, except Debra (Doc. No. 97 at Count V; Doc. No. 104 at Count III; Doc. No. 105 at Count V; Doc. No. 106 at Count II; Doc. No. 108 at Count IV);

4. Failure to Maintain PACA Trust Assets and Creation of Common Fund against P.K. Produce (Doc. No. 104 at Count I; Doc. No. 105 at Count IV; Doc. No. 106 at Count IV; Doc. No. 108 at Count III);

5. Unlawful Retention of PACA Trust Assets, Dissipation, and/or Disgorgement against P.K. Produce, Paul, Debra, and the Trust (Doc. No. 97 at Count VIII; Doc. No. 104 at Counts II, VI through X; Doc. No. 105 at Counts VII through XIII; Doc. No. 106 at Count VII; Doc. No. 108 at Counts VII through XII);

6. Breach of Fiduciary Duty/Non-Dischargeability against P.K. Produce and Paul (Doc. No. 104 at Count IV; Doc. No. 105 at Count VI; Doc. No. 106 at Count VI; Doc. No. 108 at Count VI);

7. Unjust Enrichment against all Defendants (Doc. No. 97 at Count VII);

8. Conversion against all Defendants (Doc. No. 97 at Count VI; Doc. No. 104 at Counts VI through X; Doc. No. 108 at Count VII);

9.    Declaratory Relief against all Defendants (Doc. No. 97 at Count IX; Doc. No. 105 at Count II; Doc. No. 106 at Count III; Doc. No. 108 at Count I);

10.   Claims against P.K. Produce for Accounts Stated and Open Book Account (Doc. No. 97 at Counts II and III);

11.   Conversion against Jeffrey Heestand (Doc. No. 154 at Count 1); and

12.   Civil Theft against Jeffrey Heestand (Doc. No. 154 at Count 2).

**Plaintiffs and Third-Party Plaintiffs shall submit the above briefing by no later than fourteen (14) days before the Final Pretrial Conference in this matter, i.e., by August 4, 2022**. Plaintiffs are urged to consider exploring ideas to streamline the remaining claims they wish to pursue at trial.

Finally, the Court notes as follows.  Pursuant to this Court's Civil Trial Order, "the parties and lead counsel of record must be present [at the Final Pretrial Conference] and prepared with full authority to discuss all aspects of the case, including settlement." (Doc. No. 231 at p. 1.) The Court clarifies this Order as follows.  For a plaintiff, "full authority" means final authority to dismiss the case with prejudice and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's last demand. If a representative must make a telephone call or otherwise communicate with a person not in attendance to authorize a demand or offer, then that representative does not have full authority as required. In addition, in cases where a party requires authority from an insurer to settle the case, the party must ensure that a representative of the insurance company with full authority to settle the case attends the conference.

In the instant case, the parties are advised that they must ensure that parties and party representatives with "full authority" as defined herein personally attend the Final Pretrial Conference.

**IT IS SO ORDERED.**


                                      *s/Pamela A. Barker*
                                      PAMELA A. BARKER
Date:  July 5, 2022                   U. S. DISTRICT JUDGE