IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREAT LAKES PACKERS, INC., *et al.*, | ) CASE NO. 1:18-cv-2754-PAB |
| Plaintiffs, | ) PAMELA A. BARKER )  UNITED STATES DISTRICT JUDGE |
| v. | ) |
| P.K. PRODUCE, INC., *et al.*, | ) MAGISTRATE JUDGE )  JENNIFER DOWDELL ARMSTRONG |
| Defendants. | ) ) **REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

This matter is before me on Plaintiff R&R Ag Consulting, Inc.'s ("R&R") motion for a charging order against Defendants Strike Zone Lanes, LLC ("Strike Zone") and Debra A. Kasapis ("Ms. Kasapis") pursuant to Ohio Revised Code § 1706.342. (ECF No. 381). On September 8, 2025, the Court referred this matter to me for preparation of a report and recommendation on R&R's motion. (ECF No. 382). For the reasons set forth below, I recommend that the Court GRANT IN PART and DENY IN PART R&R's motion.

## II.     PROCEDURAL HISTORY

The lengthy procedural history of this case is summarized in the Court's prior opinions of August 31, 2023 and February 20, 2024. (ECF Nos. 341, 349). On February 20, 2024, the Court entered judgment in favor of R&R and against Defendants, awarding R&R monetary damages, pre-judgment interest, and attorneys' fees against each Defendant. (ECF No. 350). Following entry of the judgment, R&R has pursued various mechanisms under federal and Ohio law to collect on that judgment.

1

On September 4, 2025, R&R filed the present motion. (ECF No. 381). R&R asserts that Ms. Kasapis is the sole owner and member of Strike Zone. R&R seeks a charging order requiring Strike Zone to pay to R&R any distributions from Strike Zone to which Ms. Kasapis would otherwise be entitled. R&R also requests discovery regarding any distributions from Strike Zone to which Ms. Kasapis is entitled or may become entitled, along with an order requiring Defendants to produce Strike Zone's financials and business records. Defendants did not file a response to R&R's motion.

**III. LAW & ANALYSIS**

Federal Rule of Civil Procedure 69(a)(1) provides that a money judgment is enforced by a writ of execution, unless the Court directs otherwise. Fed. R. Civ. P. 69(a)(1). Rule 69(a)(1) further provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent applies." *Id*.

R&R seeks to proceed under O.R.C. § 1706.342, which sets forth a procedure by which a judgment creditor may receive the proceeds of any distributions from a judgment debtor's membership interests in a limited liability company. Specifically, Section 1706.342 provides that, upon application of a judgment creditor, a court of competent jurisdiction "may charge the membership interest of the judgment debtor with payment of the unsatisfied amount of the judgment with interest." Ohio Rev. Code § 1706.342(a). Section 1706.342 further provides that, once a court issues a charging order and the order is served on the limited liability company, the judgment creditor has "the right to receive any distribution or distributions to which the judgment debtor would otherwise be entitled in respect to the membership interest." *Id*.

2

"A charging order is the 'sole and exclusive remedy' by which a judgment creditor may satisfy a judgment out of the judgment debtor's membership interest in a limited liability company." *JobsOhio v. Emkey Energy, LLC*, No. 2:21-cv-3680, 2025 WL 2780920, at *2 (S.D. Ohio Sept. 30, 2025) (quoting Ohio Rev. Code § 1706.342(f)). "By obtaining a charging order against a member's interest in a limited liability company, a judgment creditor 'garnishes the financial rights that attach to the interest.'" *Id*. (quoting *Oxford Campus I, LLC v. Michael*, No. 21 CV 006498, 2024 WL 5343516, at *5 (Ohio Ct. Com. Pl. Feb. 8, 2024)).

R&R seeks entry of a charging order against Ms. Kasapis' membership interests in Strike Zone, another judgment debtor. In a supporting affidavit, R&R's counsel avers that Ms. Kasapis admitted during a debtors' examination that she owned all membership interests in Strike Zone. (ECF No. 381-1, ¶ 4). Ms. Kasapis did not file an opposition to R&R's motion and has not disputed that she owns all membership interests in Strike Zone. Nor have Defendants provided any argument as to why the Court should not enter a charging order. Accordingly, I recommend that the Court grant R&R's motion for a charging order pursuant to O.R.C. § 1706.342.

R&R also asks the Court to: (1) require both Ms. Kasapis and Strike Zone to immediately file statements with the Court identifying and disclosing money and property due and distributable, or which may become due and distributable, by reason of Ms. Kasapis' interest in Strike Zone; (2) schedule a hearing to review those statements; (3) require Defendants to produce Strike Zone's financial records and any other business records regarding distributions to Ms. Kasapis from Strike Zone, as well as the value of her membership interests in Strike Zone; and (4) require Ms. Kasapis and Strike Zone to appear and show cause as to why a charging order should not be entered.

Given my recommendation that the Court enter a charging order, R&R's request for a show cause hearing is moot. R&R's other requests go beyond the scope of O.R.C. § 1706.342. Nothing in the statute requires a defendant to identify money and property that may become due, or to produce financial or other business records. Instead, Section 1706.342 merely requires the limited liability company to pay to the judgment creditor any distributions to which the judgment debtor would otherwise be entitled. Accordingly, I recommend that the Court deny R&R's motion without prejudice to the extent it seeks discovery regarding Strike Zone's financials or any disbursements to Ms. Kasapis. I also recommend that R&R may seek such information, if necessary, through other discovery devices.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT IN PART and DENY IN PART R&R's motion for a charging order and enter an order providing that:

1. From the time Strike Zone is served with the charging order, Ms. Kasapis' membership interests in Strike Zone shall be charged with payment of the unsatisfied amount of the judgment, plus interest;

2. From the time Strike Zone is served with the charging order, R&R shall be entitled to receive any distribution or distributions to which Ms. Kasapis would otherwise be entitled to receive with respect to her membership interests in Strike Zone;

3. The charging order shall constitute a lien on Ms. Kasapis' membership interests; and

4. Subject to R&R's lien on Ms. Kasapis' membership interests, Ms. Kasapis shall retain her rights as a member of Strike Zone.

Dated: October 3, 2025                                    /s *Jennifer Dowdell Armstrong*
                                                          Jennifer Dowdell Armstrong
                                                          U.S. Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.** Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate

5

the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting Howard). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).