IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Great Lakes Packers, Inc., et al., | Case No. 1:18cv2754 |
| Plaintiffs, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Jennifer Dowdell Armstrong |
| PK Produce, Inc., et al., | |
| Defendants. | MEMORANDUM OF OPINION AND ORDER |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong. (Doc. No. 383), which recommends that Plaintiff R&R Ag Consulting, Inc.'s ("R&R") Motion for a Charging Order against Defendants Strike Zone Lanes, LLC ("Strike Zone") and Debra A. Kasapis ("Ms. Kasapis") (Doc. No. 381) be granted in part and denied in part as follows.

Magistrate Judge Armstrong recommends that the Court (1) grant R&R's Motion to the extent it seeks a Charging Order against Ms. Kasapis' membership interests in Strike Zone; (2) deny without prejudice R&R's Motion to the extent it seeks discovery regarding Strike Zone's financials or any disbursements to Ms. Kasapis; and (3) deny as moot R&R's request for a show cause hearing. (Doc. No. 383.) Magistrate Judge Armstrong further recommends that the Court enter an Order providing that:

1. From the time Strike Zone is served with the Charging Order, Ms. Kasapis' membership interests in Strike Zone shall be charged with payment of the unsatisfied amount of the judgment, plus interest;

> 2. From the time Strike Zone is served with the Charging Order, R&R shall be entitled to receive any distribution or distributions to which Ms. Kasapis would otherwise be entitled to receive with respect to her membership interests in Strike Zone;
>
> 3. The Charging Order shall constitute a lien on Ms. Kasapis' membership interests; and
>
> 4. Subject to R&R's lien on Ms. Kasapis' membership interests, Ms. Kasapis shall retain her rights as a member of Strike Zone.

(*Id*. at PageID# 9349.)

No objections have been filed. For the following reasons, the Report and Recommendation (Doc. No. 383) is ACCEPTED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b)(3) provides in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court held, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

**DECISION**

This Court, having reviewed the Report and Recommendation and finding no clear error, accepts the Magistrate Judge's Report and Recommendation in full. R&R's Motion for a Charging

2

Order (Doc. No. 381) is therefore (1) granted to the extent it seeks a Charging Order against Ms. Kasapis' membership interests in Strike Zone; (2) denied without prejudice to the extent it seeks discovery regarding Strike Zone's financials or any disbursements to Ms. Kasapis; and (3) denied as moot to the extent it seeks a show cause hearing.  In addition, the Court hereby ORDERS that:

1. From the time Strike Zone is served with the Charging Order, Ms. Kasapis' membership interests in Strike Zone shall be charged with payment of the unsatisfied amount of the judgment, plus interest;

2. From the time Strike Zone is served with the Charging Order, R&R shall be entitled to receive any distribution or distributions to which Ms. Kasapis would otherwise be entitled to receive with respect to her membership interests in Strike Zone;

3. The Charging Order shall constitute a lien on Ms. Kasapis' membership interests; and

4. Subject to R&R's lien on Ms. Kasapis' membership interests, Ms. Kasapis shall retain her rights as a member of Strike Zone.

**IT IS SO ORDERED.**

Date:  October 28, 2025

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE